**Trenard Jermaine SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–07–00966–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 12, 2009.

Discretionary Review Refused
Oct. 7, 2009.

Joseph Salhab, Houston, for appellant.

Eric Kugler, Houston, for state.

Panel consists of Justices FROST, BROWN, and BOYCE.

## MAJORITY OPINION

WILLIAM J. BOYCE, Justice.

Appellant Trenard Jermaine Smith challenges the sentence assessed following the trial court's finding that he violated the terms of his community supervision after pleading guilty to possession of a controlled substance with intent to deliver. The trial court assessed punishment as confinement for 30 years. Appellant contends that the trial court erred in reopening the adjudication hearing after the State and the defense rested and delivered closing arguments. We affirm the judgment as modified.

### Background

Appellant was charged on December 28, 2006 with possession of between four and 200 grams of cocaine with intent to deliver. On January 8, 2007, appellant waived indictment and pleaded guilty to this offense in open court. The trial court sentenced

appellant to deferred adjudication and five years of community supervision pursuant to the State's recommendation.

At the January 8 hearing, the trial court admonished appellant regarding the terms and conditions of his community supervision. The trial court informed appellant that any violation of these terms and conditions could subject him to any punishment within the statutory range for the offense charged. The trial court notified appellant that the offense charged was a first degree felony punishable by imprisonment from five to 99 years.

On April 29, 2007, appellant was arrested after allegedly robbing Jose Herrera at gunpoint. On May 3, 2007, the State filed a motion to adjudicate guilt that alleged 12 violations by appellant of the terms and conditions of his community supervision, including the armed robbery of Herrera.

On September 11, 2007, the trial court began a hearing on the State's motion to adjudicate appellant's guilt. Appellant waived formal reading of the motion and pleaded not true to the alleged violations of his community supervision.

During the September 11 hearing, Houston Police Officer Randy West testified regarding his investigation into the armed robbery of Jose Herrera on April 29, 2007. After presentation of three witnesses by the State, both sides rested, closed, and delivered closing arguments. Herrera did not testify before closing arguments. Appellant argued for a sentence "in the minimum range of punishment," while the State argued for a sentence of confinement for at least 20 years.

The trial court found that appellant violated his community supervision in that he failed to (1) report to his community supervision officer; (2) perform community service; (3) obtain an evaluation for drug treatment; (4) make efforts to begin drug treatment and aftercare via the STAR Drug Court Program; (5) provide and remain at the same address; and (6) obtain an offender identification card. The trial court stated that there was "evidence of other very serious, perhaps even more serious violations," but made no findings with regard to those allegations. The trial court then found appellant guilty of the first degree felony offense of possession of a controlled substance with intent to deliver, ordered a pre-sentence investigation report, and went into recess.

The trial court allowed the State to reopen the hearing 24 minutes later to present testimony from Jose Herrera about being robbed by appellant at gunpoint. The following exchange occurred:

COURT: All right. Let the record reflect that we recessed earlier in 1098204, the State of Texas versus Trenard Jermane [sic] Smith. The Court had made certain findings, not made other findings. The Court has now been apprised that their witness, Jose Herrera, is now present. The court is going to allow the State to reopen. The Court is going to do that for the reason that the testimony of Mr. Herrera would certainly be relevant and admissible on the matter of punishment, which the Court is now considering in Cause No. 1098204. It would be supercilious to rule that while it would be admissible if—for punishment, it would be inadmissible, since this is not some 24 minutes after the Court had made its previous findings.

The Court is going to allow the State to reopen and present that testimony for the substance of the violations of probation.

Both sides ready to proceed again?

STATE: Yes, your Honor.

COUNSEL: At this time, I would object to proceeding any further. I would ask the record to reflect—

COURT: Your objection will be overruled.

Call your next.

The State then called Herrera. The trial court recessed the proceedings after Herrera's testimony.

On November 12, 2007, the trial court reconvened to sentence appellant. Both sides again delivered closing arguments and repeated their sentencing requests from the closing arguments of September 11. The trial court found the allegations "with regard to committing the felony offense of aggravated robbery are true."

The trial court sentenced appellant to confinement for 30 years for the felony offense of possession of a controlled substance with intent to deliver. The trial court's written judgment signed on November 12, 2007 reflects commission of an offense against the state of Texas as the only violation of the terms and conditions of community supervision committed by appellant.[1]

---

1. Article 42.12, section 5(b) of the Code of Criminal Procedure was amended during the 2007 legislative session to allow appeals from a decision to adjudicate guilt. Act of June 15, 2007, 80th Leg., R.S., ch. 1308, § 5, 2007 Tex. Sess. Law Serv. ch. 1308. The amended statute took effect on June 15, 2007, and the new provision applies only to a hearing conducted on or after that date. Because appellant's hearing was held on September 11, 2007, we have jurisdiction over this appeal.

2. Contrary to the dissent, we conclude that appellant's timely objection in the trial court preserved this issue for appeal. "[W]hen it seems from context that a party failed effectively to communicate his desire, then reviewing courts should not hesitate to hold that appellate complaints arising from the event have been lost." *Lankston v. State*, 827 S.W.2d 907, 909 (Tex.Crim.App.1992) (en banc).

## Analysis

### I. Did the Trial Court Err When It Reopened the Adjudication Hearing?

■ Relying on article 36.02 of the Texas Code of Criminal Procedure, appellant contends that the trial court erred in reopening the adjudication hearing after both sides rested and delivered closing arguments. We address this argument on the merits.[2]

### A. Does Article 36.02 Apply to an Adjudication Hearing?

■ As a threshold matter, we consider whether article 36.02 applies to a probation-revocation hearing. Article 36.02 reads in full: "The court shall allow testimony to be introduced at any time *before the argument of a cause is concluded,* if it appears that is necessary to a due administration of justice." Tex.Code Crim. Proc. Ann. art. 36.02 (Vernon 2007) (emphasis added).

The Court of Criminal Appeals recently suggested that article 36.02's application to "trial without jury" has not been resolved. *See Rodriguez v. State (Rodriguez I)*, No. PD–0869–05, 2006 WL 2706859, at *2 (Tex. Crim.App. Sept. 20, 2006) (per curiam, not

---

"But otherwise, they should reach the merits of those complaints without requiring that the parties read some special script to make their wishes known." *Id.* In light of the colloquy between appellant's counsel and the trial court, we are satisfied that appellant "effectively ... communicate[d] his desire," and that the trial court understood the nature of appellant's objection even if the objection itself did not reference a specific statutory provision. The objection suffices when viewed in context. *See id.* at 909–911; *see also Clarke v. State*, 270 S.W.3d 573, 579–80 (Tex.Crim.App. 2008) (citing *Lankston*, 827 S.W.2d at 909). This conclusion is underscored by the trial court's action in abruptly overruling the objection while appellant's counsel was in mid-sentence, and immediately directing the State to call its next witness.

designated for publication). The Court of Criminal Appeals decided *Rodriguez I* on other grounds, appearing to leave the question of article 36.02's applicability to non-jury trials unsettled. *See id.* ("The issue of whether Article 36.02 applies to trial without jury is important. It is not clear that the issue is squarely before us."). *Rodriguez I* arose in the context of a bench trial, not a probation-revocation hearing. *See id.* at *1.

Courts of appeals have reached differing conclusions regarding article 36.02's applicability specifically to probation-revocation hearings and related proceedings. *Compare Peacock v. State*, 27 S.W.3d 657, 659 (Tex.App.-Waco 2000) (article 36.02 inapplicable to pre-revocation hearing on motion to dismiss revocation motion for lack of due diligence), *rev'd on other grounds*, 77 S.W.3d 285 (Tex.Crim.App.2002), *with Freeman v. State*, 917 S.W.2d 512, 514 (Tex.App.-Fort Worth 1996, no pet.) (applying article 36.02 to hearing on motion to revoke community supervision), *and Cantu v. State*, 662 S.W.2d 455, 458 (Tex.App.-Corpus Christi 1983, no pet.) ("Although Art. 36.02 . . . applies only to trials before the jury, the same general rule should be no less applicable to probation hearings, which by their very nature are administrative in nature"). However, the Court of Criminal Appeals previously has applied article 36.02 specifically to a probation revocation hearing. *See Stout v. State*, 500 S.W.2d 153, 154 (Tex.Crim.App.1973).

In *Stout,* the appellant was placed on probation after pleading guilty to posses-

sion of LSD. *Id.* at 154. Among other conditions of probation, he was required to "[r]emain within the confines of Potter, Randall, and Armstrong Counties of the State of Texas during the term of probation except by written permission of this court, to be filed with the clerk of this court." *Id.* The State asked the trial court to revoke probation based on an alleged violation of this condition. *Id.* During the revocation hearing, Potter County probation officers testified that appellant had been jailed in Minnesota at a time when he did not have permission to leave the specified counties. *Id.* In response to appellant's challenge at the close of the State's case to the sufficiency of the evidence, the trial court allowed the State to reopen the evidence and adduce additional proof that no written permission to travel was on file with the clerk. *Id.* The trial court then revoked appellant's probation. *Id.*

The Court of Criminal Appeals held that the trial court did not abuse its discretion in revoking appellant's probation. *Id.* In so doing, the Court of Criminal Appeals (1) expressly noted that the trial court had allowed the State to reopen the evidence at the close of the State's case and introduce additional evidence; and (2) stated as follows: "It is well established that the court may 'allow testimony to be introduced at any time before the argument of the cause is concluded.'" *Id.* (citing *Freeman v. State*, 491 S.W.2d 408 (Tex.Crim.App. 1973), *Butler v. State*, 486 S.W.2d 331 (Tex. Crim.App.1972), and article 36.02).[3]

---

**3.** We disagree with the dissent's narrow reading of *Stout,* and with its reliance on an introductory *"Cf."* signal preceding *Stout's* citation of article 36.02 to limit the opinion's reach. The phrase "allow testimony to be introduced at any time before the argument of the cause is concluded" as quoted in *Stout* appears nowhere in *Freeman* or *Butler.* The quoted phrase appears in article 36.02, with the opinion using "the" in place of "a" before

"cause." *Stout's* express invocation of the quoted phrase from article 36.02 goes beyond mere reliance upon an analogous authority. The dearth of subsequent citations to *Stout* says more about the infrequency of appeals focusing on article 36.02's applicability to probation-revocation hearings than it does about the scope of *Stout's* holding. The dissent also misplaces its reliance on *Rodriguez I,* 2006 WL 2706859, at *3–4. In light of the

We conclude that the threshold question of article 36.02's applicability to a probation-revocation hearing is resolved by *Stout,* and that article 36.02 applies here.[4] The State does not argue otherwise. Instead, the State argues that article 36.02 was not violated; alternatively, the State argues that any violation of article 36.02 was harmless error.

### B. Did the Trial Court Violate Article 36.02?

■ Ordinarily, we review a trial court's decision on a motion to reopen for abuse of discretion. *Peek v. State,* 106 S.W.3d 72, 79 (Tex.Crim.App.2003). Article 36.02 acts as a limitation on the trial court's discretion to reopen a proceeding and hear more evidence once argument has concluded. *See Rodriguez v. State (Rodriguez II ),* No. 08–03–00459–CR, 2008 WL 963865, at *2 (Tex.App.-El Paso Apr. 10, 2008, pet. ref'd) (not designated for publication). According to the State, "[T]he main issue in this case is whether the argument of the cause had concluded before Herrera took the stand."

The circumstances here parallel those in *Rodriguez II* and *Allman v. State,* 164 S.W.3d 717 (Tex.App.-Austin 2005, no pet.), with regard to determining when argument has concluded. In *Rodriguez II,* the defendant was found guilty of felony DWI by the trial court. *Rodriguez II,* 2008 WL 963865, at *1. At trial, both sides rested and made brief closing arguments. *Id.* After closing arguments, the trial court asked if evidence had been presented regarding the defendant's previous DWI convictions in the enhancement paragraphs alleged. *Id.* The prosecution made a motion to reopen its case, which was granted over defense counsel's objection. *Id.* Following introduction of evidence of the defendant's previous DWI convictions, the two sides rested again, this time without presenting further arguments. *Id.* The trial court found the defendant guilty and then sentenced him. *Id.*

The El Paso Court of Appeals stated that "the determination of whether argument had ended must be made on a case-by-case basis. The reviewing court must examine the records as a whole in light of the totality of the circumstances of the trial." *Id.* at *2. The court further opined that once a court begins the deliberation

---

dissent's premise that a probation-revocation hearing is not a "trial," a passing statement in *Rodriguez I* regarding article 36.02's applicability to a "trial without jury" does not address whether article 36.02 applies to proceedings other than a "trial without jury." Additionally, the phrase "Trial Before the Jury" in the title to Chapter 36 does not limit article 36.02's scope. *See, e.g., Wheat v. State,* 165 S.W.3d 802, 805 n. 3 (Tex.App.-Texarkana 2005, pet. ref'd, untimely filed) (citing Tex. Gov't Code Ann. § 311.024 (Vernon 2005) and Tex.Code Crim. Proc. Ann. art. 101.002 (Vernon Supp. 2004–2005)).

4. *Stout's* application of article 36.02 to a probation-revocation hearing renders unnecessary the dissent's analysis of whether a revocation hearing qualifies as a "trial." Even taking as a given that a probation-revocation hearing is not a trial for purposes of certain standards and procedures, a revocation hearing nonetheless is "a cause" to which article 36.02 applies. *See Stout,* 500 S.W.2d at 154. The analysis also is not controlled by whether article 36.02 applies to hearings on motions to suppress. *See Gilbert v. State,* 874 S.W.2d 290, 292–93 (Tex.App.-Houston [1st Dist.] 1994, pet. ref'd); *Montalvo v. State,* 846 S.W.2d 133, 137 (Tex.App.-Austin 1993, no pet.). A revocation hearing is more than "a specialized objection," *see Montalvo,* 846 S.W.2d at 137, even if it does not share all the attributes of a full-fledged trial. The broader issue of whether article 36.02 applies to trial without jury or to other types of proceedings need not be resolved here; the narrow issue of article 36.02's applicability to a revocation hearing is all that need be addressed. This narrow issue is resolved by *Stout,* which expressly applied article 36.02 in this context. *See* 500 S.W.2d at 154. We do the same.

process in a unitary trial, argument has definitely ended. *Id.* The court then held that argument in the case had concluded before the trial court reopened the proceeding, and that the trial court therefore violated article 36.02. *Id.* at *3.

The State argues that the decision of the court in a unitary trial is not fixed until judgment has been rendered on both guilt and punishment, and that argument therefore has not concluded until after pronouncement of sentence. The State relies on *Barfield v. State,* 63 S.W.3d 446, 448–51 (Tex.Crim.App.2001), to support this assertion. But *Rodriguez II* held that *Barfield* is "not applicable since no further evidence could be presented after arguments had concluded." *Rodriguez II,* 2008 WL 963865, at *3. The State asserts that *"Rodriguez [II]* will almost certainly be overruled by the Court of Criminal Appeals." To the contrary, the Court of Criminal Appeals refused the State's petition for discretionary review on September 10, 2008. In light of the analysis found in *Rodriguez II* concerning this point, we conclude that the State misplaces its reliance on *Barfield.*

In *Allman,* the defendant pleaded guilty to manufacturing methamphetamine. *Allman,* 164 S.W.3d at 718. The trial court accepted the defendant's guilty plea, but withheld its verdict while awaiting a pre-sentencing report. *Id.* at 719. Trial resumed six weeks later, at which point the defendant presented testimony that he was cooperating with Georgia authorities on a pending case against family members in that state. *Id.* Both sides then rested and delivered closing arguments. *Id.*

Following the noon recess, the prosecutor told the trial court that he had spoken with Georgia authorities during the recess and that they refuted the defendant's claim of cooperation. *Id.* at 719–20. The prosecution then moved to reopen the case, which the trial court granted over defense counsel's objection. *Id.* at 720. Both sides and the court questioned the defendant about the Georgia offenses, after which both sides again rested and gave brief closing arguments. *Id.* The trial court again adjudged the defendant guilty and imposed sentence. *Id.*

The Austin Court of Appeals held that argument in the case had concluded prior to the noon recess, and that "[w]hatever the trial court might have believed or desired, article 36.02 prohibited further evidence at that point in the proceeding." *Id.* at 720–21. Recognizing that a bench trial is often conducted with less formality than a jury trial, the court nonetheless held that the trial court clearly violated article 36.02. *Id.* at 721.

■ The record in this case establishes the following: (1) the trial court heard testimony regarding numerous violations of community supervision, and from Officer West regarding the armed robbery committed against Herrera; (2) both sides rested, closed, and delivered closing arguments; (3) the trial court found that appellant committed six violations but expressly made no finding that he committed armed robbery; (4) the trial court found appellant guilty, ordered a pre-sentence report, and went into recess; (5) the trial court reopened the hearing 24 minutes later over appellant's objection to hear testimony from Herrera regarding the armed robbery "for the substance of the violations of probation;" (6) the trial court reconvened for sentencing two months later, at which time both sides again delivered closing arguments and repeated their previous sentencing requests; and (7) the trial court then found the allegations that appellant committed felony aggravated armed robbery to be true and sentenced appellant to confinement for 30 years.

These circumstances demonstrate that argument concluded once both sides had rested, closed, and delivered closing arguments on September 11, 2007. As a result, the trial court abused its discretion and violated article 36.02 by reopening the proceeding to allow Herrera's testimony after argument had concluded. *See Rodriguez II*, 2008 WL 963865, at *3; *Allman*, 164 S.W.3d at 721.

## II.  Was the Error Harmless?

■  Having decided that the trial court violated article 36.02 by reopening the adjudication hearing for admission of additional evidence, we now must determine if this error requires reversal.

■  We disregard non-constitutional errors that do not affect substantial rights. Tex.R.App. P. 44.2(b). To determine whether an error affected a substantial right in a non-jury case, we consider whether the error denied the complaining party some right to which he was legally entitled. *See Johnson v. State*, 72 S.W.3d 346, 348 (Tex.Crim.App.2002). In determining harm, we consider the entire record. *See id.* at 349. If it appears that a non-constitutional error did not influence the result or had only a slight effect, we should not overturn a criminal conviction. *See Cruz v. State*, 122 S.W.3d 309, 315 (Tex.App.-Houston [1st Dist.] 2003, no pet.).

■  The weight of the evidence of a defendant's guilt is a relevant factor in conducting a harm analysis under Rule 44.2(b). *Motilla v. State*, 78 S.W.3d 352, 360 (Tex.Crim.App.2002). The character of the alleged error and how it may be considered in connection with other evidence in the case also are relevant. *Id.* at 359.

■  We conclude that appellant cannot establish harmful error on this record.

When several violations of the terms and conditions of community supervision are found by the trial court, the order revoking community supervision shall be affirmed if the proof of any alleged violation is sufficient. *Moore v. State*, 11 S.W.3d 495, 498 (Tex.App.-Houston [14th Dist.] 2000, no pet.); *Hart v. State*, No. 14–08–00612–CR, 2009 WL 508206, at *1 (Tex. App.-Houston [14th Dist.] Mar. 3, 2009, no pet.). The trial court made explicit findings that appellant violated his community supervision in that he failed to (1) report to his community supervision officer; (2) perform community service; (3) obtain an evaluation for drug treatment; (4) make efforts to begin drug treatment and aftercare via the STAR Drug Court Program; (5) provide and remain at the same address; and (6) obtain an offender identification card. Because any one of these violations alone would be sufficient to affirm the trial court's order, appellant cannot show that he was harmed by any erroneously admitted testimony by Herrera that was unrelated to these six specific findings. *See Moore*, 11 S.W.3d at 498; *Hart*, 2009 WL 508206, at *1.

The sufficiency of the above findings to support the sentence imposed on appellant distinguishes this case from *Allman* and *Rodriguez II*, in which the violations of article 36.02 constituted harmful error.

The defendant in *Rodriguez I* and *II* was accused of driving while intoxicated and having two prior DWI convictions, thus enhancing to a felony an offense that otherwise would have been a misdemeanor. *Rodriguez I*, 2006 WL 2706859, at *1 (citing Tex. Penal Code Ann. § 49.09(b) (Vernon 2003)). The trial court heard no evidence establishing the two prior convictions until after reopening the case. *Id.* at *1–*2. After hearing this additional evidence, the court found the defendant guilty of the felony offense. *Id.* at *2. Because

the court could not have found the defendant guilty of a felony without the additional evidence, the defendant was harmed by the violation. *See Rodriguez II*, 2008 WL 963865, at *3.

Here, in contrast to *Rodriguez I* and *II*, the trial court made findings before reopening the case that independently were sufficient to support the sentence ultimately pronounced. These circumstances differ from *Rodriguez I* and *II*, where the felony offense was legally unsupportable without the additional evidence. *See id.*

In *Allman*, the defendant was arrested in Georgia and charged with manufacturing methamphetamine and several related offenses while free on bond following his arrest for manufacturing methamphetamine in Texas. *Allman*, 164 S.W.3d at 719. The only charge the defendant faced in Texas was the manufacturing charge, to which he pleaded guilty. *See id.* The defendant told his probation officer that all charges in Georgia were dropped except a minor traffic violation because he was cooperating with Georgia authorities in a case against his father-in-law; this information was included in the pre-sentencing report given to the trial court. *Id.* The defendant also testified in court that he was cooperating with Georgia authorities and had nothing to do with his in-laws' unlawful activities there. *Id.* The defendant requested community supervision, citing his cooperation with Georgia authorities. *Id.*

The trial court heard no other evidence regarding the Georgia charges or the defendant's asserted cooperation until after reopening the case. *Id.* at 719–20. The trial judge stated as he reopened the case: "[M]y concern was … to see if what the defendant said was in fact true, because it would make a difference as to—or possibly could make a difference as to what this Court would do." *Id.* at 720. The first

condition of community supervision found in the statutory list is that the defendant "[c]ommit no offense against the laws of this State or of any other State or the United States." Tex.Code Crim. Proc. Ann. art. 42.12, § 11(a)(1) (Vernon 2007). The trial court sentenced the defendant to confinement for 25 years after hearing evidence that he still was facing drug charges and was not cooperating with Georgia authorities. *Allman*, 164 S.W.3d at 720. Based on the length of sentence imposed for the defendant's lone Texas offense and the trial court's statement that the belated evidence "possibly could" affect its sentencing decision, the court of appeals held that the article 36.02 violation harmed the defendant. *Id.* at 721.

Here, in contrast to *Allman*, the additional evidence at issue did not contradict earlier testimony offered in an effort to obtain leniency. *See id.* at 720–21. Further, unlike *Allman*, the trial court here gave no indication on the record that the additional evidence could make a difference as to the sentence imposed. *See id.* at 721. We conclude that appellant has failed to show harmful error from the trial court's violation of article 36.02. *See Johnson*, 72 S.W.3d at 348–49; *Cruz*, 122 S.W.3d at 315; Tex.R.App. P. 44.2(b).

This conclusion is reinforced because a penalty assessed within the proper punishment range generally will not be disturbed on appeal. *Buerger v. State*, 60 S.W.3d 358, 363 (Tex.App.-Houston [14th Dist.] 2001, pet. ref'd) (citing *Jackson v. State*, 680 S.W.2d 809, 814 (Tex.Crim.App. 1984)). Possession of between four and 200 grams of cocaine with intent to deliver is punishable by confinement for no less than five and no more than 99 years and a fine of up to $10,000. *See* Tex. Health & Safety Code Ann. § 481.112(d) (Vernon 2003); Tex. Penal Code Ann. § 12.32(a), (b) (Vernon 2003). Appellant received a

sentence on the lower end of the range permitted by the statute. Considering the weight of the evidence and the entirety of the record, as we must, we cannot say that Herrera's untimely testimony affected a substantial right of appellant because he had no right under the governing statute to receive a lower sentence than the trial court imposed. *See Johnson,* 72 S.W.3d at 348–49; *Cruz,* 122 S.W.3d at 315.

■ The circumstance remains that the trial court's judgment relies on the armed robbery of Herrera, but the court's oral pronouncement relies on other community supervision violations. When there is a conflict between the oral pronouncement of sentence in open court and the sentence set out in the written judgment, the oral pronouncement controls. *Thompson v. State,* 108 S.W.3d 287, 290 (Tex.Crim.App.2003). The solution in such a situation is to modify the written judgment to conform to the trial court's oral pronouncement. *See id.* The same conclusion applies here with respect to the conflict between the trial court's oral pronouncement of the findings supporting revocation of community supervision and the later written judgment. *See id.; see also Smith v. State,* 790 S.W.2d 366, 368 (Tex.App.-Houston [1st Dist.] 1990, pet. ref'd) (modifying order revoking probation to include trial court's oral pronouncement that defendant failed to maintain employment); *Moakler v. State,* No. 01–00–00945–CR, 2003 WL 1889094, at *2 (Tex. App.-Houston [1st Dist.] Apr. 17, 2003, no pet.) (mem. op., not designated for publication) (modifying order revoking community supervision to include failure to register as a sex offender); *Turner v. State,* No. 05–02–00329–CR, 2002 WL 31151226, at *2 (Tex.App.-Dallas Sept. 27, 2002, no pet.) (not designated for publication) (modifying order revoking probation to delete failure to perform community service where trial court made no oral pronouncement finding the allegation to be true); Tex.R.App. P. 43.2(b).

The record reflects at least six violations of the terms and conditions of community supervision committed by appellant. The trial court made explicit oral findings that appellant committed those violations, and that they warranted revocation of appellant's community supervision and issuance of an active sentence of confinement. Because the record supplies sufficient information to make the written judgment conform with the oral pronouncement and findings of the trial court, we modify the written judgment to reflect the six violations explicitly found by the trial court during the adjudication hearing. *See* Tex. R.App. P. 43.2(b).

We overrule appellant's issue regarding the trial court's decision to reopen the adjudication hearing to allow Herrera's testimony, and we modify the trial court's written judgment to reflect the oral pronouncement of the trial court.

**Conclusion**

The trial court's judgment is affirmed as modified.

KEM THOMPSON FROST, Justice, dissenting.

This court should not reach the merits of appellant's only issue because appellant failed to preserve his complaint for appellate review. But even absent this waiver, there would be no error because article 36.02 of the Texas Code of Criminal Procedure, contained in the chapter entitled *"The Trial Before the Jury,"* does not apply to probation-revocation hearings. Because the majority reaches the opposite conclusion on both points, holding error was preserved and that article 36.02 applies to probation-revocation hearings, I most respectfully dissent.

### This court need not reach the merits of this appeal.

The majority addresses an interesting issue—whether article 36.02 applies to a probation-revocation hearing—but one this court need not reach today. A careful review of the record in light of the preservation-of-error rules shows that appellant has waived his appellate complaint because the objection he voiced in the trial court was insufficient to put the trial court on notice of the issue he raises in this court.

Texas Rule of Appellate Procedure 33.1 governs preservation of error, and states, in pertinent part:

(a) *In General.* As a prerequisite to presenting a complaint for appellate review, the record must show that:

(1) the complaint was made to the trial court by a timely request, objection, or motion that:

(A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context.... [1]

This rule encompasses the concept of "party responsibility." [2] This means that appellant, as the complaining party, had the responsibility of clearly conveying to the trial court the particular complaint that he now raises on appeal, including "the precise and proper application of the law as well as the underlying rationale." [3] In its most recent discussion of the preservation-of-error requirement, the Court of Criminal Appeals in *Pena v. State* emphasized the rather exacting standard for preserving a complaint for appellate review.[4] To avoid forfeiting an appellate complaint, one must "let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it." [5]

In determining whether an appellant has preserved error, a reviewing court considers the context in which the objection was made and the parties' shared understanding at that time.[6] The context for appellant's objection to the State's proffer of additional evidence was after closing arguments in a probation-revocation hearing.

A probation-revocation hearing is not a trial.[7] Therefore, when the State asked to

---

1. TEX.R.APP. P. 33.1.

2. *See Pena v. State*, 285 S.W.3d 459, 463 (Tex. Crim.App.2009).

3. *Id.*

4. *See id.*

5. *Id.*

6. *See id.*

7. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp. 2009) (describing proceeding that occurred in the instant case as "a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge ... reviewable in the same manner as a revocation hearing conducted under Section 21 of

this article"); *Jones v. State*, 728 S.W.2d 801, 803 (Tex.Crim.App.1987) (holding that a probation-revocation hearing is not a criminal trial and therefore that it did not fall under the term "trial on the merits" in the magistrate statute); *Davenport v. State*, 574 S.W.2d 73, 75 (Tex.Crim.App.1978) (holding that, because probation-revocation hearings are not criminal trials but rather administrative proceedings at which a probationer "need not be afforded the full range of constitutional and statutory protections available at a criminal trial," double jeopardy does not apply to these hearings and a second motion to revoke can be filed asserting the exact same violations, even after the trial court denied the first motion); *Scamardo v. State*, 517 S.W.2d 293, 297 (Tex.Crim.App.1974) (holding that, because probation-revocation hearings are not criminal trials, the State's burden of proof in a

reopen the evidence after closing arguments had ended, appellant could have made at least two objections: (1) an objection that the court should exercise its broad discretion over administrative matters such as the probation-revocation hearing to not hear further evidence from the State after the close of evidence; or (2) the argument appellant asserts in this appeal—that the trial court had no discretion and was required under article 36.02 to disallow the additional evidence. These are two different objections. The first is based on well-established non-statutory law. The second is based on the notion that article 36.02 applies to probation-revocation hearings. Despite the difference in these two objections, the only objection appellant voiced was, "At this time, I would object to proceeding any further."

Under rule 33.1, appellant's trial objection was insufficient to preserve error as to the complaint he now raises on appeal[8] because appellant did not bring to the trial court's attention the statutory argument he raises in this court—that article 36.02 applied to the hearing and therefore the trial court had no discretion to re-open evidence inasmuch as the closing argu-

ments for the hearing already had ended. Appellant did not even mention article 36.02 in the trial court. Nor did appellant tell the trial court that his objection to the State's offer of additional evidence was based on the fact that closing arguments had ended or that he believed that the trial court had no discretion under the statute to re-open the evidence.

In concluding that error was not preserved in *Pena,* the Court of Criminal Appeals emphasized that, even though Pena obtained a ruling on his objections under the "due course of law" clause, he did not inform the trial court that he was asserting the burden of proof was easier for him to satisfy under the "due course of law" clause than under the Fourteenth Amendment's Due Process Clause.[9] Similarly, in the case at hand, appellant did not inform the trial court that he was asserting that he had an easier burden of showing error (based on the trial court's mandatory duty under article 36.02 to deny the State's motion to re-open the evidence after closing arguments), rather than the burden of convincing the trial court to exercise its discretion to deny the motion. Given the cryptic nature of appellant's objection, the

probation-revocation hearing is only by a preponderance of the evidence); *Gonzalez v. State,* 456 S.W.2d 53, 57 (Tex.Crim.App.1970) (holding that, because probation-revocation hearings are not criminal trials, article 38.14, requiring that the testimony of an accomplice be corroborated, does not apply in a probation-revocation hearing, such that probation can be revoked based on uncorroborated testimony of accomplice); *Gist v. State,* 160 Tex. Crim. 169, 267 S.W.2d 835, 836 (1954) (holding that, because probation-revocation hearings are not criminal trials, the amount of notice given to the probationer was within the discretion of the trial court and was not governed by statutes for giving notice of criminal trials); *Wilson v. State,* 156 Tex.Crim. 228, 240 S.W.2d 774, 776 (1951) (holding that, because probation-revocation hearings are not criminal trials and are not required to be conducted as a criminal trial, probationer had

no right to a jury trial for a probation-revocation hearing); *Harvey v. State,* 821 S.W.2d 389, 392–93 (Tex.App.-Houston [14th Dist.] 1991, pet. ref'd) (holding that double jeopardy did not apply and that "probation revocation hearings are administrative in nature").

8. *See* Tex.R.App. P. 33.1(a); *Pena,* 285 S.W.3d at 463–66 (holding that appellant did not preserve error in the trial court because, though he objected various times based on the Texas Constitution's "due course of law" clause, he did not make the trial court aware that he was arguing that the "due course of law" clause provides greater protection than federal due process, which was the basis of other objections by appellant to the same evidence).

9. *See Pena,* 285 S.W.3d at 463–66.

trial court judge would have been justified in believing that appellant was asking him to exercise his discretion in the administrative proceeding to not hear additional evidence from the State twenty-four minutes after the State told the trial court it had no further evidence.[10] The trial court had the discretion to either overrule or sustain such an objection based on well-established law that a probation-revocation hearing is an administrative proceeding rather than a trial.[11] The other possible objection—the one appellant raises on appeal—is based on a legal argument that has been embraced by only one intermediate court of appeals.[12]

In the context in which appellant lodged his objection, appellant did not clearly convey to the trial court "the precise and proper application of the law as well as the underlying rationale."[13] Thus, appellant did not put the trial court on notice that it should consider whether article 36.02's limitation on reopening the evidence applied to his probation-revocation hearing. Therefore, appellant did not preserve error.[14] But even if the issue had been preserved, it would provide no grounds for relief because appellant's argument is without merit.

### Article 36.02 does not apply to probation-revocation hearings.

In his sole issue on appeal, appellant asserts that the trial court erred in reopening the evidence to allow the admission of additional evidence offered by the State after the end of closing arguments in his probation-revocation hearing. The majority concludes that (1) article 36.02 applies to probation-revocation hearings, (2) the trial court erred in allowing the State to re-open the evidence after closing arguments, and (3) the error, though harmless, necessitates modification of the judgment.

Contrary to this court's holding, article 36.02 does not apply to probation-revocation proceedings. Under the plain meaning of article 36.02, the statute's mandatory deadline is triggered upon

10. *See Butler v. State*, 486 S.W.2d 331, 333–34 (Tex.Crim.App.1972) (stating, in obiter dicta, that trial court abused its discretion by denying appellant's motion to re-open the evidence, which was made after the end of closing arguments in probation-revocation hearing, thus indicating in dicta that trial courts have discretion to re-open the evidence after closing arguments in such hearings).

11. *Pena*, 285 S.W.3d at 463–64 (emphasizing that appellant's appellate complaint was a novel legal theory whereas an alternative legal standard was well-established). In any event, this is not the complaint appellant is asserting on appeal.

12. *See Freeman v. State*, 917 S.W.2d 512, 514 (Tex.App.-Fort Worth 1996, no pet.).

13. *See Pena*, 285 S.W.3d at 463–64.

14. The majority relies upon *Lankston v. State*. *See* 827 S.W.2d 907 (Tex.Crim.App.1992); *ante* at p. 371, n. 2. However, *Lankston* is not on point because, in that case, due to the prosecutor's specific questions, as well as the trial judge's comments when ruling, the record in *Lankston* clearly showed that all parties knew the nature of appellant's objection. *See Lankston*, 827 S.W.2d at 909–911. In contrast, in this case, nothing in our record suggests that the trial court was aware of appellant's novel argument that article 36.02 applies to hearings that are not criminal trials. The majority also cites *Lankston* for the proposition that a "special script" need not be recited to preserve error and that the focus of the inquiry is on whether the party effectively communicated his appellate complaint to the trial court. *See ante* at p. 371, n. 2 (quoting *Lankston*, 827 S.W.2d at 909). Nonetheless, the Court of Criminal Appeals recently stressed that the complaining party must clearly convey to the trial court "the precise and proper application of the law as well as the underlying rationale" in order to effectively communicate his complaint. *See Pena*, 285 S.W.3d at 463–64.

the conclusion of "the argument *of a cause.*" [15] At most, this language refers to closing arguments on the merits in a criminal trial,[16] not to closing arguments that the trial court may allow in some other hearing that is not a criminal trial.[17]

Under the plain meaning of article 42.12, section 5(b) of the Code of Criminal Procedure, what transpired in the trial court below was a hearing, not the trial of a criminal cause.[18] The Court of Criminal Appeals has held that a probation-revocation hearing is an administrative proceeding,[19] not a "trial on the merits." [20] Accordingly, at probation-revocation hearings, probationers "need not be afforded the full range of constitutional and statutory protections available at a criminal trial." [21] For this reason, probation-revocation hearings differ from trials in material ways.

For example, because double jeopardy does not apply to probation-revocation hearings, even if the trial court denies the State's motion to revoke probation, the State can file a second motion to revoke,

15. TEX.CODE CRIM. PROC. ANN. art. 36.02 (emphasis added).

16. In federal courts and in many state courts, during criminal trials on the merits, the trial court has discretion to re-open the evidence even after the end of closing arguments. *See, e.g., United States v. Crawford,* 533 F.3d 133, 137–38 (2d Cir.2008); *Davis v. United States,* 735 A.2d 467, 471–72 (D.C.1999); *People v. Padfield,* 16 Ill.App.3d 1011, 307 N.E.2d 183, 186–87 (1974); *State v. Hoover,* 174 N.C.App. 596, 621 S.E.2d 303, 305 (2005). The Texas legislature, however, has modified the general rule in criminal jury trials by setting the end of closing arguments as the point in the trial after which the trial court has no discretion to re-open the evidence. *See* TEX.CODE CRIM. PROC. ANN. art. 36.02. The Texas legislature chose the following language to express its intent:

> The court shall allow testimony to be introduced at any time before the argument *of a cause* is concluded, if it appears that it is necessary to a due administration of justice.

*Id.* (emphasis added). While it is clear that article 36.02 applies in criminal jury trials, there are arguments on both sides of the issue as to whether this statute applies in criminal nonjury trials. As the majority correctly observes, notwithstanding a statement to the contrary in an unpublished opinion from the El Paso Court of Appeals, the Court of Criminal Appeals recently indicated that it has not yet decided whether article 36.02 applies to nonjury trials. *Compare Rodriguez v. State,* No. PD–0869–05, 2006 WL 2706859, at *3–4 (Tex.Crim. App. Sept. 20, 2006) (per curiam, not designated for publication) (indicating that Court of Criminal Appeals has not yet addressed this issue), *with Rodriguez v. State,* No. 08–03–00459–CR, 2008 WL 963865, at *2 (Tex. App.-El Paso Apr. 10, 2008, pet. ref'd) (not designated for publication) (indicating that Court of Criminal Appeals addressed this issue in *Lockett v. State,* 55 S.W. 336 (Tex. Crim.App.1900), a case that actually involved a criminal jury trial). Texas intermediate courts of appeals have rendered conflicting decisions on the issue. Although this court has not addressed whether article 36.02 applies in nonjury trials, the court need not do so today because, as explained above, this case involves no trial.

17. *See Gilbert v. State,* 874 S.W.2d 290, 292–93 (Tex.App.-Houston [1st Dist.] 1994, pet. ref'd) (using this rationale to hold that article 36.02 does not apply to hearings on motions to suppress); *Montalvo v. State,* 846 S.W.2d 133, 137 (Tex.App.-Austin 1993, no pet.) (same as *Gilbert*).

18. *See* TEX.CODE CRIM. PROC. ANN art. 42.12, § 5(b) (describing proceeding that occurred in the instant case as "a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge ... reviewable in the same manner as a revocation hearing conducted under Section 21 of this article").

19. *Davenport,* 574 S.W.2d at 75.

20. *Jones,* 728 S.W.2d at 803.

21. *Davenport,* 574 S.W.2d at 75.

alleging the exact same probation violations, and seeking to add more evidence at the second hearing to prove the alleged violations.[22] While, in a criminal trial, the State must prove guilt beyond a reasonable doubt, in a probation-revocation hearing, the State's burden of proof is by a preponderance of the evidence.[23] Unlike in a criminal trial, in a probation-revocation hearing, article 38.14 of the Texas Code of Criminal Procedure (requiring that the testimony of an accomplice be corroborated) does not apply,[24] the amount of notice given to the probationer is not governed by the statutes regarding notice of criminal trials,[25] and the probationer has no right to a jury trial.[26] In sum, a probation-revocation hearing is not a criminal cause or the trial on the merits of a criminal cause. Therefore, by its own language, article 36.02 does not apply.[27]

The majority relies on Stout v. State for the proposition that article 36.02 applies to probation-revocation hearings.[28] However, the Stout court did not state that article 36.02 applies to probation-revocation proceedings; rather, the Stout court cited the statute using the introductory signal "Cf.," which means that article 36.02 supports a different proposition but one sufficiently analogous to lend some support.[29] In the

thirty-six years since the Court of Criminal Appeals issued Stout, no court has cited this opinion for the proposition that article 36.02 applies to probation-revocation proceedings.

The only issue before the Stout court was whether the evidence was sufficient to support the revocation order.[30] In obiter dicta, the Court of Criminal Appeals stated that it is well-established that a trial court may allow testimony to be introduced at any time before the argument of the cause is concluded.[31] In Stout, the appellant did not challenge the trial court's re-opening of the evidence, and the propriety of this action was not relevant to analyzing the sufficiency of the evidence.[32] In addition, the trial court had re-opened the evidence before the end of the closing arguments; therefore, the trial court had discretion to re-open the evidence regardless of whether article 36.02 applied.[33]

The Court of Criminal Appeals in Stout did not hold that article 36.02 applies to probation-revocation proceedings. This conclusion is bolstered by the high court's more recent observations in Rodriguez v. State, a case involving a criminal nonjury trial rather than a probation-revocation hearing.[34] Whether article 36.02 applies to probation-revocation hearings and whether

22. See id.; Harvey, 821 S.W.2d at 392–93.

23. Scamardo, 517 S.W.2d at 297.

24. Gonzalez, 456 S.W.2d at 57.

25. Gist, 267 S.W.2d at 836.

26. Wilson, 240 S.W.2d at 776.

27. Though, as noted by the majority, the State has not argued the inapplicability of article 36.02 on appeal, this failure does not obviate the need for this court to make this legal determination. See Saldano v. State, 70 S.W.3d 873, 884 (Tex.Crim.App.2002).

28. See 500 S.W.2d 153 (Tex.Crim.App.1973).

29. See THE BLUEBOOK, A UNIFORM SYSTEM OF CITATION 47 (Columbia Law Review Ass'n et al. eds., 18th ed. 2005).

30. See id.

31. See Stout, 500 S.W.2d at 154.

32. See generally Conner v. State, 67 S.W.3d 192, 197 (Tex.Crim.App.2001) (stating that appellate courts consider all admitted evidence, even erroneously admitted evidence, in determining the sufficiency of the evidence).

33. See Stout, 500 S.W.2d at 154.

34. See Rodriguez, 2006 WL 2706859, at *1.

this statute applies to criminal nonjury trials are two discrete issues. Nonetheless, it would be both illogical and contrary to precedent for a probationer in an administrative proceeding to have greater rights than a defendant in a criminal trial.[35] Therefore, if the Court of Criminal Appeals actually had held in *Stout* that article 36.02 applies to probation-revocation hearings, then surely the same rule would apply in non-jury trials, and the high court would not have indicated in *Rodriguez* that it had not yet addressed the "important" issue of whether this statute applies to nonjury trials.[36] This observation by the Court of Criminal Appeals in *Rodriguez* strongly suggests that the high court does not view *Stout* as standing for the proposition that article 36.02 applies even in administrative contexts such as probation-revocation hearings.[37]

Though it has been cited to support the contrary proposition, *Cantu v. State* actually supports the proposition that article 36.02 does not apply to probation-revocation hearings.[38] It is important to note that, in *Cantu*, the trial court allowed the State to re-open the evidence *before* the closing arguments concluded.[39] At this juncture, article 36.02 and the general rule are the same—the trial court has discretion to re-open the evidence. In this context, the *Cantu* court stated that article 36.02 "applies only to trials before the jury"; however, the *Cantu* court also concluded that "the same general rule should be no less applicable to probation hearings,

which by their very nature are administrative in nature."[40] In sum, the *Cantu* court stated that article 36.02 does not apply to administrative proceedings such as probation-revocation hearings but that the trial court has discretion to re-open the evidence in such hearings even absent the application of article 36.02.

At least one other intermediate court of appeals has addressed the issue. In *Freeman v. State*, the Fort Worth Court of Appeals appeared to conclude that (1) the probation-revocation hearing was a trial, (2) the trial court's decision to revoke probation was its "verdict," and (3) article 36.02 applies to such hearings.[41] The analysis in *Freeman* is very brief, and for the reasons stated above, this court should not follow *Freeman*.

### The trial court's judgment should be affirmed without modification.

In conclusion, rather than finding error and conducting a harm analysis, this court instead should hold that appellant did not preserve error as to his sole issue on appeal. Even if he had preserved his complaint for appellate review, the court should overrule it because article 36.02 does not apply to probation-revocation hearings. For these reasons, this court should affirm the trial court's judgment without modification.

---

35. *See Davenport*, 574 S.W.2d at 75 (stating that probation-revocation hearings are not criminal trials but rather administrative proceedings at which a probationer "need not be afforded the full range of constitutional and statutory protections available at a criminal trial").

36. *See Rodriguez*, 2006 WL 2706859, at *3.

37. *See Rodriguez*, 2006 WL 2706859, at *3–4; *see also* n. 16, *supra*.

38. *See* 662 S.W.2d 455, 458 (Tex.App.-Corpus Christi 1983, no pet.).

39. *See id.* at 456–57.

40. *Id.* at 458.

41. *See* 917 S.W.2d 512, 514 (Tex.App.-Fort Worth 1996, no pet.).