**Opinion filed December 8, 2022**



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00038-CR

_____

### BURT LEE BURNETT, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**
**Taylor County, Texas**
**Trial Court Cause No. 28325A**

## M E M O R A N D U M   O P I N I O N

Burt Lee Burnett, Appellant, entered an open plea of guilty on October 28, 2019, to the second-degree felony offense of Misapplication of Fiduciary Property. *See* TEX. PENAL CODE ANN. § 32.45(b), (c)(6) (West Supp. 2022). On February 19, 2020, Appellant was placed on deferred adjudication community supervision for a period of ten years and ordered to pay $200,000 in restitution. On October 23, 2020, the State filed a motion to adjudicate guilt and to revoke community supervision,

alleging five violations of community supervision. The trial court conducted a hearing and found that Appellant had indeed violated the terms of his community supervision. Appellant was adjudicated guilty of the underlying offense, sentenced to ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice, and ordered to pay the remaining restitution. Appellant raises four issues on appeal. We affirm.

*Procedural History*

Appellant, a former Texas attorney, pled guilty to misapplication of fiduciary property belonging to his clients. Appellant was placed on deferred adjudication community supervision for a period of ten years. The State subsequently filed a motion to adjudicate Appellant's guilt and to revoke community supervision, alleging that Appellant had violated his community supervision by testing positive for methamphetamine and amphetamine on six occasions and by his refusal to submit to a "hair test" as directed. Appellant represented himself pro se for his plea and judicial confession and participated in a hybrid representation of himself with co-counsel[1] for his revocation hearing. Appellant, through court-appointed appellate counsel, presents four issues for our review: (1) the trial court erred when it allowed an expert witness to testify after the State rested; (2) the trial court erred when it arbitrarily refused to allow Appellant to make a bill of exception; (3) the trial court erred when it denied Appellant's motion for new trial, wherein Appellant alleged that *Brady* violations made his plea involuntary; and (4) the trial court erred when it denied Appellant's motion for new trial, wherein Appellant claimed a right to withdraw his guilty plea and receive a new trial.

---

[1]Appellant filed a motion for hybrid representation in which he requested that the trial court allow co-counsel to provide "technical assistance" and allow Appellant to proceed as the primary counsel during the revocation hearing. The State made no objections and the trial court agreed. Appellant cross-examined the State's witnesses and led direct examination of defense witnesses during the hearing.

*Issue One*

In Appellant's first issue, he contends that the trial court committed error in striking the State's expert's testimony from the record but later allowing the State to recall the expert. Specifically, Appellant asserts that Article 38.076 of the Texas Code of Criminal Procedure precluded the forensic analyst's video teleconference testimony and that Article 36.02 did not allow the State to "reopen" the case to recall the expert live. *See* TEX. CODE CRIM. PROC. ANN. arts. 38.076 (West Supp. 2022), 36.02 (West 2007)

*Standard of Review and Applicable Law*

We review a trial court's decision to "reopen" a case for an abuse of discretion. *Smith v. State*, 290 S.W.3d 368, 373 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd) (citing *Peek v. State*, 106 S.W.3d 72, 79 (Tex. Crim. App. 2003)). While Article 36.02 of the Texas Code of Criminal Procedure limits a trial court's discretion to hear evidence after argument has concluded, it is well established that a trial court may allow testimony to be introduced at any time before the argument of the cause is concluded. CRIM. PROC. art. 36.02; *see Smith*, 290 S.W.3d at 372 (citing *Stout v. State*, 500 S.W.2d 153, 154 (Tex. Crim. App. 1973)); *Swanner v. State*, 499 S.W.3d 916, 920 (Tex. App.—Houston [14th Dist.] 2016, no pet.); *Garcia v. State*, 630 S.W.3d 264, 267 (Tex. App.—Eastland 2020, no pet.). Article 36.02 has been applied to probation revocation hearings. *Smith*, 290 S.W.3d at 373.

At what point argument has concluded is determined on a case-by-case basis, and the reviewing court must examine the record as a whole, in light of the totality of the circumstances. *Id.* (citing *Rodriguez v. State*, No. 08-03-00459-CR, 2008 WL 963865, at *2 (Tex. App.—El Paso, Apr. 10, 2008, pet. ref'd) (not designated for publication)). When both sides have rested, closed, and provided closing arguments to the trial court, argument has ended. *Id.* In *Smith*, *Rodriguez*, and

*Allman v. State*, 164 S.W.3d 717 (Tex. App.—Austin 2005, no pet.), the parties rested and delivered closing arguments prior to the court reopening the case to permit further testimony. The Houston, Austin, and El Paso courts all held that this was an abuse of discretion and a violation of Article 36.02. *See Smith*, 290 S.W.3d at 375; *Rodriguez*, 2008 WL 963865, at *3; *Allman*, 164 S.W.3d at 720–21. Conversely, when both parties have rested—but not closed and provided closing arguments— "argument" has not concluded for purposes of Article 36.02. *See Swanner*, 499 S.W.3d at 920 (no argument was concluded, and no abuse of discretion found, where (1) both sides rested during the punishment phase of trial, (2) the trial court had recessed to await the presentence investigation report, and (3) trial resumed one month later and the trial court allowed the State to "reopen" and recall a witness).

*Analysis*

Appellant's circumstances differ from *Smith*, *Rodriguez*, and *Allman* in that the State had only rested, not closed, and Appellant had yet to rest or close—facts that are more akin to those in *Swanner*. The trial court initially overruled Appellant's objection regarding the expert's video teleconference testimony. It then reconsidered its ruling, sustained Appellant's original objection, struck the videoconference testimony from the record, and allowed the State the opportunity to present the expert witness, in person. Appellant contends that this provided the State an unfair advantage. We disagree.

During Appellant's revocation hearing on January 25, 2021, the State had offered the testimony of a forensic analyst via video teleconference pursuant to Article 38.076 of the Texas Code of Criminal Procedure. According to Article 38.076, any testimony of a forensic analyst during a criminal prosecution may be conducted by video teleconference—in compliance with the rules outlined in subsection (c)—if the use of video teleconferencing is approved by the trial court and all parties. CRIM. PROC. art. 38.076. However, Appellant did not agree to allow

4

the expert to testify by video teleconference, and Appellant objected prior to the commencement of the revocation hearing, as well as when the witness was called to testify. The trial court overruled Appellant's objections and allowed Dr. Aaron Brown to testify by video teleconference. Following Dr. Brown's testimony, the State rested, and the trial court was in recess until January 29, 2021.

At some point before the hearing resumed on January 29, 2021, the trial court determined that allowing Dr. Brown to testify over the objection of Appellant "was probably an error and certainly could be reversible error." The trial court then struck Dr. Brown's testimony from the record and allowed the State to recall Dr. Brown in person on March 10, 2021. Appellant objected, claiming that this allowed the State to have "another bite at the apple" after first failing to meet their burden of proof before closing. The State pointed out that it had only rested, not closed. The trial court overruled Appellant's objection and denied Appellant's motion for directed verdict.

In part, Appellant is complaining that the trial court ultimately sustained his objection. The trial court had allowed video testimony, over Appellant's objections, and when the trial court determined that Appellant's original objection should *not* have been overruled, the trial court took remedial steps by striking the initial video testimony and allowing the State the opportunity it would have had, if the trial court initially sustained the objection—to request the trial court to continue the hearing until the State could present the expert witness in person. It is clear from the record that the trial court was merely in recess. The State had rested, not closed, and Appellant had neither rested nor closed. Further, neither party had presented their closing argument. The trial court "shall allow testimony to be introduced at any time before the argument of a cause is concluded." *See* CRIM. PROC. art. 36.02. Accordingly, the trial court did not abuse its discretion, nor did it violate

Article 36.02, when it allowed the State to present their expert witness in person. We overrule Appellant's first issue.

*Issue Two*

In Appellant's second issue, he claims that the trial court erred when it refused to allow Appellant to make a bill of exception with regard to a witness, Ramona Arriaga. Appellant argues that the trial court's refusal amounted to an "unauthorized, unwarranted, and arbitrary denial" and constitutes reversible error.

*Applicable Law*

When a party claims that evidence was excluded in error, that issue must be preserved for appellate review by informing the trial court of the substance of the testimony by an offer of proof, unless the substance of the testimony was apparent from the context. TEX. R. EVID. 103(a)(2). An offer of proof may be in question-and-answer form or may be in the form of a concise statement by counsel. *Warner v. State*, 969 S.W.2d 1, 2 (Tex. Crim. App. 1998) (citing *Love v. State*, 861 S.W.2d 899, 901 (Tex. Crim. App. 1993)); *see* TEX. R. EVID. 103(c). An informal offer of proof must still include a reasonably specific summary of the evidence offered and must state the relevance of the evidence, unless its relevance is apparent. *Warner*, 969 S.W.2d at 2 (citing *Love*, 861 S.W.2d at 901). In order to complain on appeal about a matter that is not in the record, a party may also file a formal bill of exception, pursuant to the terms set forth in Rule 33.2 of the Texas Rules of Appellant Procedure. TEX. R. APP. P. 33.2. "The right to make an offer of proof is absolute; a trial court does not have discretion to deny a request to perfect a bill of exception." *Andrade v. State*, 246 S.W.3d 217, 226 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd) (citing *Kipp v. State*, 876 S.W.2d 330, 333 (Tex. Crim. App. 1994)).

*Analysis*

Appellant filed no formal bill of exception with the trial court and made no informal offer of proof. During the revocation hearing on March 10, 2021, Appellant

6

called Arriaga as a witness and questioned her regarding her knowledge of an affair between Arriaga's husband and Appellant's wife. As Appellant describes in his brief, Arriaga was a hostile witness who routinely asked questions in response to Appellant's direct examination of her, who complained that Appellant was bothering her, and who had to be directed by the trial court to answer Appellant's questions. It is clear from the record that Appellant was not making any headway with Arriaga and that she was becoming agitated. Following two admonitions, the trial court intervened, ended the direct examination, and asked Arriaga to step down. Appellant asked, "I can't even make a bill, Your Honor?" The trial court responded, "No, sir. You're obviously not going to be able to."

Appellant claims on appeal that this refusal by the trial court was done arbitrarily and constituted reversible error. However, after Arriaga's husband's testimony—where he admitted to having an affair with Appellant's wife—the trial court provided Appellant an opportunity to recall Arriaga as a witness. The trial court bailiff asked the judge whether Arriaga was free to leave, and the judge indicated that she was. Without objection to the trial court releasing Arriaga, Appellant stated, "Well, Judge, I could beat on this horse all I want, I'm going to leave it at that. That's enough dirty laundry." The trial court responded by asking Appellant, "Do you want her back in here to beat on that some more?" and Appellant replied, "No."

There are multiple bases upon which Appellant cannot prevail on this issue. First, Appellant did not properly provide an informal offer of proof to the trial court. Appellant only asked the trial court to admonish Arriaga, saying, "[The time frame of the affair is] relevant because I'm trying to figure out why someone would do this. Or I'm trying to show it." This does not give the trial court any information about what Appellant expects that Arriaga's testimony will show, nor how it might be relevant. *See Allen v. State*, 473 S.W.3d 426, 443 (Tex. App.—Houston [14th Dist.]

2015), *pet. dism'd*, 517 S.W.3d 111 (Tex. Crim. App. 2017). Second, there is sufficient context for us to at least discern that what Appellant intended to show through Arriaga was that Appellant's wife was having an affair with Arriaga's husband. But the record reflects that Arriaga *did* admit the affair, as did her husband. Third, it is not clear from the record that the trial court refused to accept any offer of proof or formal bill of exception, only that the trial court felt that Appellant *could not successfully make* a bill in question-and-answer form with Arriaga due to her hostility toward Appellant and uncooperativeness as a witness. Fourth, Appellant did not follow up by submitting any written bill of exception to the trial court. Fifth, Appellant did not recall Arriaga as a witness when given the chance by the trial court, nor did he attempt to make an offer of proof or bill of exception at that time. Sixth, Appellant made no substantive objection[2] when the trial court released Arriaga the first time and Appellant received no ruling or refusal to rule thereon. Finally, Appellant points to no harm that he has suffered as a result of any "missing" testimony by Arriaga. Considering all of the above, Appellant has failed to preserve this issue for our review, and we decline to speculate as to any alleged harm he might have suffered. Appellant's second issue is overruled.

*Issues Three and Four*

In Appellant's third and fourth issues, he argues that the trial court erred by denying Appellant's motion for new trial. Appellant filed his first motion for new trial on March 15, 2021—five days after he was adjudicated guilty, his deferred adjudication community supervision was revoked, and his sentence was pronounced by the trial court. Appellant alleged in this motion that his punishment constituted cruel and unusual punishment. He filed a supplemental motion for new trial on

---

[2]Appellant only stated, "Note our exception," after calling Arriaga's husband to the witness stand. This provides no clarity to the trial court as to the issue raised, nor does it suffice to preserve this issue for appellate review.

April 9, 2021, in which he alleged that *Brady*[3] violations made his initial plea of guilty involuntary and that he was entitled to a new trial based on the discovery of new evidence.

As to Appellant's claim that his guilty plea was involuntary, the matter before us is an appeal following Appellant's revocation and adjudication proceedings; it is not a direct appeal from Appellant's original plea proceeding. "A defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding . . . only in appeals taken when deferred adjudication community supervision is first imposed." *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). Such issues may not be raised here in an appeal from an order adjudicating guilt and revoking community supervision. *Id.* Rather, an appellant is generally limited to challenging the grounds for revocation. *Araujo v. State*, No. 11-20-00242-CR, 2022 WL 3092669, at *1 (Tex. App.—Eastland Aug. 4, 2022, no pet.) (mem. op., not designated for publication) (citing *Wright v. State*, 506 S.W.3d 478, 481 (Tex. Crim. App. 2016) ("The general rule is that an attack on the original conviction in an appeal from revocation proceedings is a collateral attack and is not allowed.")); *see also Riles v. State*, 452 S.W.3d 333, 338 (Tex. Crim. App. 2015); *Wiley v. State*, 410 S.W.3d 313, 319 (Tex. Crim. App. 2013).

However, there are two exceptions to the general rule that an original plea of guilty cannot be attacked on the appeal of a revocation proceeding: (1) the "void judgment" exception and (2) the "habeas corpus" exception. *Nix v. State*, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001). A judgment is void in only very limited circumstances and an "'involuntary plea' does *not* constitute one of those rare situations." *Jordan v. State*, 54 S.W.3d 783, 785 (Tex. Crim. App. 2001) (emphasis added). The habeas corpus exception provides a probationer the opportunity to

---

[3]*See Brady v. Maryland*, 373 U.S. 83 (1963).

litigate at the revocation hearing "any claims that would be cognizable on a writ of habeas corpus." *Id.* As a prerequisite to invoking the habeas corpus exception, Appellant must have filed an application for a writ of habeas corpus—with a cognizable claim—*before* the revocation proceeding commenced and must have *attempted to litigate* the issues before the trial court at the revocation hearing. *Nix*, 65 S.W.3d at 670. Appellant did neither.

In his third and fourth issues, Appellant further alleges that the trial court erred in the denial of his motion for new trial insofar as he asked that the trial court either void the original judgment or allow him to withdraw his original guilty plea. First and foremost, both the motion for new trial and the supplemental motion were filed *after* Appellant was adjudicated guilty, his community supervision was revoked, and the trial court's sentence for the underlying offense was pronounced. Appellant is now limited to only challenging issues that could be raised from the revocation hearing in this direct appeal and can no longer raise issues related to his original guilty plea. *See Wright*, 506 S.W.3d at 481–82; *Manuel*, 994 S.W.2d at 661–62. Neither of the issues raised by Appellant fall into either the void judgment or habeas corpus exception. *See Jordan*, 54 S.W.3d at 785.

In his third issue, Appellant claims that he was entitled to a new trial because his guilty plea was involuntary due to *Brady* violations. An involuntary guilty plea—if that is true here—does not establish one of the rare circumstances that would void the judgment against Appellant. *See Jordan*, 54 S.W.3d at 785. Further, Appellant filed no application for a writ of habeas corpus with the trial court during the pendency of the revocation proceeding, making the habeas corpus exception equally unavailable. *See Nix*, 65 S.W.3d at 670.

In his fourth issue, Appellant contends that the trial court should have granted a new trial so that he could withdraw his original guilty plea. Similarly, Appellant filed no application for a writ of habeas corpus and did not attempt to litigate the

matter during the revocation hearing,[4] nor is there any basis for a void-judgment claim.  Accordingly, we have no jurisdiction over Appellant's claims relating to his original plea of guilty—to which neither of the above-discussed judicial exceptions apply.  *See Manuel*, 994 S.W.2d at 660–62.  We dismiss issues three and four for want of jurisdiction.

## *This Court's Ruling*

We affirm the judgment of the trial court.


W. BRUCE WILLIAMS

JUSTICE


December 8, 2022

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[4]Appellant indicated in his November 16, 2020 motion for continuance that he planned to file both a motion to withdraw his guilty plea and a motion for new trial before the revocation hearing.  No such documents appear in the record, nor were they argued at the revocation hearing as having been filed.  As such, we conclude that the only time Appellant raised these issues with the trial court were in the supplemental motion for new trial filed on April 9, 2021.  The expressed intent to file a motion to withdraw a guilty plea or to review matters related to the original guilty plea that resulted in Appellant being placed on deferred adjudication community supervision is not sufficient to provide us with jurisdiction over the original guilty plea.