

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00470-CR

JEROME MARQUISE DONAVON                                    APPELLANT
A/K/A JEROME DONAVAN

V.

THE STATE OF TEXAS                                              STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. Introduction

In three issues, Appellant Jerome Marquise Donavon a/k/a Jerome Donavan[2] appeals the revocation of his community supervision. We affirm.

---

[1]See Tex. R. App. P. 47.4.

[2]Donavon is spelled "Donovon" in the reporter's record and "Donavan" in the indictment. On October 10, 2011, the trial court entered an order entering the appellant's true name as Jerome Marquise Donavon.

## II. Factual and Procedural Background

In July 2010, Donavon pleaded guilty to burglary of a habitation with intent to commit theft in exchange for five years' deferred adjudication community supervision. In July 2011, the State filed a petition to proceed to adjudication, alleging that Donavon had violated the conditions of his community supervision by: (1) assaulting a member of his household; (2) testing positive for THC; (3) failing to maintain full-time employment; (4) failing to pay his court costs, his supervision fees, his fines, and his attorney's fees; (5) failing—for several months—to complete a minimum of ten hours per month of community service; (6) failing to submit a urine specimen in October 2010; and (7) failing to attend a marijuana intervention program on three occasions.

At the adjudication hearing, Donavon pleaded "not true" to grounds (1) and (2) and "true" to the others. The complainant of the assault—the mother of Donavon's child—testified that Donavon had hit her and busted her bottom lip; Sammy Brown testified that he did not see or hear Donavon hit the complainant or see any injuries, but he agreed that he did not "see the entire thing." The trial court admitted the complainant's affidavit of nonprosecution.

Donavon testified that a few days before his urinalysis appointment in October 2010, his brother killed his uncle, a tragedy that prevented his mother—his only source of transportation—from being able to drive him to his appointment. Donavon also testified that he was partially paralyzed from having been shot in the back and that his community supervision officer and her

supervisor had told him that they would waive his employment and community service conditions based on his social security disability letter.

Donavon admitted on cross-examination that he had not worked any of his community service hours. Although during his direct testimony, he stated that he was unable to work at the time of the hearing, he also told the trial court that, even with his disability, he could do work that involved sitting and answering phone calls but that he did not want a job that was boring and wanted to do work that he enjoyed. Donavon told the trial court that he wanted to work and admitted, "I was just being lazy. It's no excuse." Donavon did not testify at all with regard to the assault allegation other than to note that he had been drinking alcohol on the day of the assault, even though he knew that he was not supposed to drink alcohol while on community supervision.

At the hearing, the trial court found "true" all of the grounds alleged by the State except for ground (2),[3] revoked Donavon's community supervision,

---

[3]In its judgment adjudicating guilt, the trial court found all of the grounds true. As a general rule, when an oral pronouncement of sentence and a written judgment differ, the oral pronouncement controls. *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). Further, when the appellate court has the necessary information before it, it may correct a trial court's written judgment to reflect its oral pronouncement. *Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003). After revocation of deferred adjudication community supervision, intermediate appellate courts rely on these principles to sua sponte modify judgments adjudicating guilt so that they conform to the trial court's oral pronouncement of the findings supporting revocation and adjudication. *See* Tex. R. App. P. 43.2(b); *Smith v. State*, 290 S.W.3d 368, 377 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd); *see also Maddox v. State*, No. 02-08-00020-CR, 2009 WL 213715, at *3 & n.4 (Tex. App.—Fort Worth Jan. 29, 2009, no pet.)

adjudicated his guilt, and sentenced him to five years' confinement. This appeal followed.

## III. Discussion

Donavon raises the following complaints: (1) that the State did not prove the first and fourth grounds alleged in its petition to proceed to adjudication; (2) that the trial court violated his due process rights by not allowing his mother to testify; and (3) that his counsel was ineffective for not calling his probation officer and her supervisor to corroborate his testimony.

We review an order revoking community supervision for an abuse of discretion. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). To overturn a revocation order, a defendant must successfully challenge each finding on which the revocation is based, and he cannot challenge a revocation finding on an allegation to which he pleaded "true." *Harris v. State*, 160 S.W.3d 621, 626 (Tex. App.—Waco 2005, pet. stricken); *see also Smith v. State*, 286 S.W.3d 333, 342 & n.36 (Tex. Crim. App. 2009) ("We have long held that 'one sufficient ground for revocation would support the trial court's order revoking' community supervision."); *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979) ("This Court had previously held that the sufficiency of the evidence could not be challenged in the face of a plea of true . . . . [We] find that

---

(mem. op., not designated for publication) (modifying the judgment adjudicating guilt to reflect the proper grounds for revocation found true by the trial court).

4

appellant's plea of true, standing alone, is sufficient to support the revocation of probation."); *Maddox*, 2009 WL 213715, at *3 (citing *Harris*, 160 S.W.3d at 626).

The State's motion to revoke alleged seven grounds, Donavon pleaded "true" to five of them, and the trial court found affirmatively as to six of them. Because a single plea of true is sufficient to support revocation, and because Donavon does not challenge all of the trial court's affirmative findings, we overrule his first issue. *See Harris*, 160 S.W.3d at 626; *see also Jones v. State*, 571 S.W.2d 191, 193–94 (Tex. Crim. App. [Panel Op.] 1978) (holding that one sufficient ground for revocation would support the trial court's order revoking probation).

Further, although Donavan complains in his second issue that the trial court violated his due process rights when his mother was not allowed to testify, we note that the following exchange occurred at the hearing after the trial court asked Donavon to call his next witness:

> [Donavon's counsel]: Josette Donovon.
>
> The Court: Okay. Step outside.
>
> [Donavon's counsel]: Can I approach?
>
> The Court: Yeah.
>
> [Donavon's counsel]: Is it about her attire? That's the best she's got.
>
> (Discussion off the record.)
>
> The Court: All right. Defense may proceed.
>
> [Donavon's counsel]: Thank you, Your Honor.

Your Honor, for the record, our first witness was to be Josette Donovon. It is my understanding the Court has deemed her attire inappropriate to testify. *We'd ask the Court to note our objection to that ruling*. And our next witness will be Sammy Brown.

The Court: Sammy Brown. If you'd raise your right hand.

[Emphasis added.]

Donavon did not raise due process grounds for his objection. He also did not create a bill of exception with regard to the contents of his mother's excluded testimony.[4] *See* Tex. R. App. P. 33.1, 33.2; Tex. R. Evid. 103(a)(2); *Holmes v. State*, 323 S.W.3d 163, 168 (Tex. Crim. App. 2009); *see also Anderson v. State*, 301 S.W.3d 276, 280 (Tex. Crim. App. 2009) (stating that due process rights may be forfeited if not properly preserved). And based on our resolution of his first issue, even if Donavon had preserved this issue, it would not alter the outcome of this appeal. *See* Tex. R. App. P. 44.2; *Potier v. State*, 68 S.W.3d 657, 665 (Tex. Crim. App. 2002) (holding that exclusion of a defendant's evidence will be constitutional error only if the evidence forms such a vital portion of the case that exclusion effectively precludes the defendant from presenting a defense). Therefore, we overrule his second issue.

In his third issue, Donavon complains that he received ineffective assistance of counsel, but he has not shown, and the record does not reflect, that

---

[4]Donavon contends that his mother was the only eyewitness to the alleged assault besides himself and the complainant and that her testimony would have corroborated his testimony about why he missed his urinalysis appointment in October 2010.

the testimonies of his community supervision officer and her supervisor would have benefited him or that they would have been available to testify if called.[5] *See Ex parte White*, 160 S.W.3d 46, 52 (Tex. Crim. App. 2004) ("To obtain relief on an ineffective assistance of counsel claim based on an uncalled witness, the applicant must show that [the witness] had been available to testify and that his testimony would have been of some benefit to the defense."); *Nwosoucha v. State*, 325 S.W.3d 816, 830 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (same). Therefore, we overrule Donavon's third issue.

## IV. Conclusion

We modify the trial court's judgment to reflect that the trial court found only grounds (1), (3), (4), (5), (6), and (7) true, and having overruled Donavon's three issues, we affirm the trial court's judgment as modified.

PER CURIAM

PANEL: MCCOY, WALKER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: May 24, 2012

---

[5]Donavon did not file a motion for new trial.