02-11-470-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00470-CR

 

 


 
 
 Jerome Marquise Donavon a/k/a Jerome Donavan
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM Criminal
District Court No. 1 OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

I. 
Introduction

In
three issues, Appellant Jerome Marquise Donavon a/k/a Jerome Donavan[2]
appeals the revocation of his community supervision.  We affirm.

II. 
Factual and Procedural Background

In July 2010, Donavon pleaded guilty to burglary of a habitation with
intent to commit theft in exchange for five years’ deferred adjudication community
supervision.  In July 2011, the State filed a petition to proceed to
adjudication, alleging that Donavon had violated the conditions of his community
supervision by:  (1) assaulting a member of his household; (2) testing positive
for THC; (3) failing to maintain full-time employment; (4) failing to pay his
court costs, his supervision fees, his fines, and his attorney’s fees; (5)
failing—for several months—to complete a minimum of ten hours per month of
community service; (6) failing to submit a urine specimen in October 2010; and
(7) failing to attend a marijuana intervention program on three occasions.

At the adjudication hearing, Donavon pleaded “not true” to grounds (1)
and (2) and “true” to the others.  The complainant of the assault—the mother of
Donavon’s child—testified that Donavon had hit her and busted her bottom lip; Sammy
Brown testified that he did not see or hear Donavon hit the complainant or see
any injuries, but he agreed that he did not “see the entire thing.”  The trial
court admitted the complainant’s affidavit of nonprosecution.

Donavon testified that a few days before his urinalysis appointment in
October 2010, his brother killed his uncle, a tragedy that prevented his
mother—his only source of transportation—from being able to drive him to his
appointment.  Donavon also testified that he was partially paralyzed from
having been shot in the back and that his community supervision officer and her
supervisor had told him that they would waive his employment and community
service conditions based on his social security disability letter.

Donavon admitted on cross-examination that he had not worked any of his
community service hours.  Although during his direct testimony, he stated that
he was unable to work at the time of the hearing, he also told the trial court
that, even with his disability, he could do work that involved sitting and
answering phone calls but that he did not want a job that was boring and wanted
to do work that he enjoyed.  Donavon told the trial court that he wanted to
work and admitted, “I was just being lazy.  It’s no excuse.”  Donavon did not
testify at all with regard to the assault allegation other than to note that he
had been drinking alcohol on the day of the assault, even though he knew that
he was not supposed to drink alcohol while on community supervision.

At the hearing, the trial court found “true” all of the grounds alleged
by the State except for ground (2),[3] revoked Donavon’s
community supervision, adjudicated his guilt, and sentenced him to five years’
confinement.  This appeal followed.

III. 
Discussion

Donavon
raises the following complaints:  (1) that the State did not prove the first
and fourth grounds alleged in its petition to proceed to adjudication;
(2) that the trial court violated his due process rights by not allowing
his mother to testify; and (3) that his counsel was ineffective for not calling
his probation officer and her supervisor to corroborate his testimony.

We
review an order revoking community supervision for an abuse of discretion.  Cardona
v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984).  To overturn a
revocation order, a defendant must successfully challenge each finding on which
the revocation is based, and he cannot challenge a revocation finding on an
allegation to which he pleaded “true.”  Harris v. State, 160 S.W.3d 621,
626 (Tex. App.—Waco 2005, pet. stricken); see also Smith v. State, 286
S.W.3d 333, 342 & n.36 (Tex. Crim. App. 2009) (“We have long held that ‘one
sufficient ground for revocation would support the trial court’s order revoking’
community supervision.”); Cole v. State, 578 S.W.2d 127, 128 (Tex. Crim.
App. [Panel Op.] 1979) (“This Court had previously held that the sufficiency of
the evidence could not be challenged in the face of a plea of true . . . . [We]
find that appellant’s plea of true, standing alone, is sufficient to support
the revocation of probation.”); Maddox, 2009 WL 213715, at *3 (citing Harris,
160 S.W.3d at 626).

The
State’s motion to revoke alleged seven grounds, Donavon pleaded “true” to five
of them, and the trial court found affirmatively as to six of them.  Because a
single plea of true is sufficient to support revocation, and because Donavon
does not challenge all of the trial court’s affirmative findings, we overrule
his first issue.  See Harris, 160 S.W.3d at 626; see also Jones
v. State, 571 S.W.2d 191, 193–94 (Tex. Crim. App. [Panel Op.] 1978)
(holding that one sufficient ground for revocation would support the trial
court’s order revoking probation).

Further,
although Donavan complains in his second issue that the trial court violated
his due process rights when his mother was not allowed to testify, we note that
the following exchange occurred at the hearing after the trial court asked
Donavon to call his next witness:

[Donavon’s counsel]:  Josette Donovon.

The Court:  Okay.  Step outside.

[Donavon’s counsel]:  Can I approach?

The Court:  Yeah.

[Donavon’s counsel]:  Is it about her
attire?  That’s the best she’s got.

(Discussion off the record.)

The Court:  All right.  Defense may
proceed.

[Donavon’s counsel]:  Thank you, Your
Honor.

Your Honor, for the record, our first
witness was to be Josette Donovon.  It is my understanding the Court has deemed
her attire inappropriate to testify.  We’d ask the Court to note our
objection to that ruling.  And our next witness will be Sammy Brown.

The Court:  Sammy Brown.  If you’d raise your right hand.

[Emphasis
added.]

Donavon
did not raise due process grounds for his objection.  He also did not create a
bill of exception with regard to the contents of his mother’s excluded
testimony.[4]  See Tex. R. App.
P. 33.1, 33.2; Tex. R. Evid. 103(a)(2); Holmes v. State, 323 S.W.3d 163,
168 (Tex. Crim. App. 2009); see also Anderson v. State, 301
S.W.3d 276, 280 (Tex. Crim. App. 2009) (stating that due process rights may be
forfeited if not properly preserved).  And based on our resolution of his first
issue, even if Donavon had preserved this issue, it would not alter the outcome
of this appeal.  See Tex. R. App. P. 44.2; Potier v. State, 68
S.W.3d 657, 665 (Tex. Crim. App. 2002) (holding that exclusion of a defendant’s
evidence will be constitutional error only if the evidence forms such a vital
portion of the case that exclusion effectively precludes the defendant from
presenting a defense).  Therefore, we overrule his second issue.

In
his third issue, Donavon complains that he received ineffective assistance of
counsel, but he has not shown, and the record does not reflect, that the
testimonies of his community supervision officer and her supervisor would have
benefited him or that they would have been available to testify if called.[5] 
See Ex parte White, 160 S.W.3d 46, 52 (Tex. Crim. App. 2004) (“To obtain
relief on an ineffective assistance of counsel claim based on an uncalled
witness, the applicant must show that [the witness] had been available to
testify and that his testimony would have been of some benefit to the
defense.”); Nwosoucha v. State, 325 S.W.3d 816, 830 (Tex. App.—Houston
[14th Dist.] 2010, pet. ref’d) (same).  Therefore, we overrule Donavon’s third
issue.

IV. 
Conclusion

We modify
the trial court’s judgment to reflect that the trial court found only grounds (1),
(3), (4), (5), (6), and (7) true, and having overruled Donavon’s three issues, we
affirm the trial court’s judgment as modified.

 

 

PER CURIAM

 

PANEL: 
MCCOY,
WALKER, and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  May 24, 2012









[1]See Tex. R. App. P. 47.4.





[2]Donavon is spelled
“Donovon” in the reporter’s record and “Donavan” in the indictment.  On October
10, 2011, the trial court entered an order entering the appellant’s true name
as Jerome Marquise Donavon.





[3]In its judgment
adjudicating guilt, the trial court found all of the grounds true.  As a
general rule, when an oral pronouncement of sentence and a written judgment
differ, the oral pronouncement controls.  Ex parte Madding, 70 S.W.3d
131, 135 (Tex. Crim. App. 2002).  Further, when the appellate court has the necessary
information before it, it may correct a trial court’s written judgment to
reflect its oral pronouncement.  Thompson v. State, 108 S.W.3d 287, 290
(Tex. Crim. App. 2003).  After revocation of deferred adjudication community
supervision, intermediate appellate courts rely on these principles to sua
sponte modify judgments adjudicating guilt so that they conform to the trial
court’s oral pronouncement of the findings supporting revocation and
adjudication.  See Tex. R. App. P. 43.2(b); Smith v. State, 290
S.W.3d 368, 377 (Tex. App.—Houston [14th Dist.] 2009, pet. ref’d); see also Maddox
v. State, No. 02-08-00020-CR, 2009 WL 213715, at *3 & n.4 (Tex.
App.—Fort Worth Jan. 29, 2009, no pet.) (mem. op., not designated for
publication) (modifying the judgment adjudicating guilt to reflect the proper
grounds for revocation found true by the trial court).





[4]Donavon contends that his
mother was the only eyewitness to the alleged assault besides himself and the
complainant and that her testimony would have corroborated his testimony about
why he missed his urinalysis appointment in October 2010.





[5]Donavon did not file a
motion for new trial.