

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00295-CR

MELISSA SMITH                                                                                       APPELLANT

V.

THE STATE OF TEXAS                                                                                       STATE

------------

## FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Melissa Smith appeals the trial court's judgment adjudicating her guilty of possession of a controlled substance (methamphetamine), more than one gram but less than four grams, and sentencing her to five years' confinement and payment of $418, listed as reparations, and $355 as court costs.

Smith's court-appointed appellate counsel has filed a motion to withdraw as counsel, a supplemental motion to withdraw as counsel, and a brief in support

---

[1]*See* Tex. R. App. P. 47.4.

of those motions. Counsel's brief and motions meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. 386 U.S. 738, 87 S. Ct. 1396 (1967). Smith had the opportunity to file a pro se brief, but she has not done so. The State did not file a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and have found three errors in the trial court's judgment with regard to the actual allegations to which Smith pleaded "true" during the revocation hearing, the assessment of $418 in reparations, and the $25 increase in court costs from the original judgment deferring adjudication, as set out below:

Smith pleaded guilty to the third-degree felony offense in exchange for an assessment of a $500 fine and court costs, five years' deferred adjudication community supervision, and other terms and conditions. The trial court's order of deferred adjudication mirrored the plea bargain agreement and specified that the $500 fine was not suspended and that Smith owed $330 in court costs. The

2

terms and conditions of Smith's community supervision included the $500 fine and $330 in court costs.

At the revocation hearing, Smith pleaded "true" to the first three of the four allegations contained in the State's first amended petition to proceed to adjudication. The trial court stated that it would not inquire into the State's fourth allegation, regarding payment of community supervision fees and lab fees; Smith testified that these fees were current, although she had paid them late, and the trial court admitted an exhibit showing that she had paid these fees and owed nothing. At the conclusion of the hearing, the trial court stated that it found Smith guilty "as a result of [her] pleas of true," and it sentenced her to five years' confinement.

The judgment adjudicating guilt includes a statement of "REPARATIONS IN THE AMOUNT OF $418.00," and lists Smith's court costs as $355. Included in the record is a document from the Community Supervision and Corrections Department of Tarrant County showing that Smith owed a $418 fine. The trial court's certificate of proceedings states, "Ref[er] to prev[ious] pay plan." Further, the judgment adjudicating guilt states that Smith pleaded "true" to the motion to adjudicate and that the trial court found that "[w]hile on community supervision, [Smith] violated the terms and conditions of community supervision as set out in the State's AMENDED Motion to Adjudicate Guilt as attached: PARAGRAPH[S] ONE, TWO, THREE, FOUR . . . "

3

When guilt is adjudicated upon a violation of a condition of community supervision, the order adjudicating guilt sets aside the order deferring adjudication, including any previously imposed fines. *Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004) (reasoning that appellant was not sentenced until his guilt was adjudicated and that the trial court was required to orally pronounce fine during sentencing); *see also Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011) (noting that fines are punitive).

Further, when the oral pronouncement of sentence and the written judgment vary, the oral pronouncement controls. *Taylor*, 131 S.W.3d at 500, 502. And when the appellate court has the necessary information before it, it may correct a trial court's written judgment to reflect its oral pronouncement, including the modification of a judgment adjudicating guilt after revocation of deferred adjudication community supervision so that it conforms to the trial court's oral pronouncement of the findings supporting revocation and adjudication. *See id*. at 502; *Smith v. State*, 290 S.W.3d 368, 377 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd); *see also* Tex. R. App. P. 43.2(b). We may reform the judgment in an *Anders* appeal and affirm the judgment as reformed. *Bray v. State*, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.) (en banc).

Because the trial court did not include the fine previously assessed in its order deferring adjudication in its oral pronouncement of sentence, we reform the judgment adjudicating guilt to delete the $418 listed as reparations on the

4

judgment.  *See Taylor*, 131 S.W.3d at 502; *see also Washington v. State*, No. 02-11-00152-CR, 2012 WL 1345743, at *1–2 (Tex. App.—Fort Worth Apr. 19, 2012, no pet.) (mem. op., not designated for publication) (reforming judgment adjudicating guilt to delete language regarding payment of the portion of reparations made up of fines that had been previously assessed in the order deferring adjudication and that had not been included in the trial court's oral pronouncement of sentence); *Boyd v. State*, No. 02-11-00035-CR, 2012 WL 1345751, at *1–2 (Tex. App.—Fort Worth Apr. 19, 2012, no pet.) (mem. op., not designated for publication) (same).  We also delete $25 of the $355 imposed by the trial court for court costs because nothing in the record supports this increased amount from the original order deferring adjudication.  *See Boyd*, 2012 WL 1345751, at *2 (modifying judgment to reflect original amount of court costs imposed in order deferring adjudication when nothing in the record supported the $25 increase in court costs in the judgment adjudicating guilt).

And because the trial court did not inquire into the State's fourth ground in the amended petition to proceed to adjudication and admitted evidence showing that there was no basis to revoke Smith's deferred adjudication community supervision on that ground, we reform the judgment to reflect that Smith pleaded true only to grounds (1), (2), and (3) and that the trial court found only grounds (1), (2), and (3) true.  *See Smith*, 290 S.W.3d at 377.

Except for these necessary modifications to the judgment, we agree with counsel that this appeal is wholly frivolous and without merit; we find nothing else

5

in the record that might arguably support the appeal.  *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).  Accordingly, we grant counsel's motions to withdraw and affirm the trial court's judgment as modified.


PER CURIAM


PANEL:  MCCOY, J.; LIVINGSTON, C.J.; and GABRIEL, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  June 7, 2012