02-11-295-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT
 OF APPEALS
 SECOND
 DISTRICT OF TEXAS
 FORT
 WORTH
  
 
 


 

 

NO. 02-11-00295-CR

 

 


 
 
 MELISSA SMITH
 
 
  
 
 
 APPELLANT
 
 


                                                                                                                             

V.

 


 
 
 THE
 STATE OF TEXAS
 
 
  
 
 
 STATE
 
 


 

 

------------

FROM THE 396TH DISTRICT
COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION[1]

------------

Appellant Melissa Smith appeals the
trial court’s judgment adjudicating her guilty of possession of a controlled
substance (methamphetamine), more than one gram but less than four grams, and sentencing
her to five years’ confinement and payment of $418, listed as reparations, and
$355 as court costs.

Smith’s court-appointed appellate
counsel has filed a motion to withdraw as counsel, a supplemental motion to
withdraw as counsel, and a brief in support of those motions.  Counsel’s brief
and motions meet the requirements of Anders v. California by presenting
a professional evaluation of the record demonstrating why there are no arguable
grounds for relief.  386 U.S. 738, 87 S. Ct. 1396 (1967).  Smith had the opportunity
to file a pro se brief, but she has not done so.  The State did not file a
brief.

Once an appellant’s court-appointed
attorney files a motion to withdraw on the ground that the appeal is frivolous
and fulfills the requirements of Anders, this court is obligated to
undertake an independent examination of the record.  See Stafford v. State,
813 S.W.2d 503, 511 (Tex. Crim. App. 1991); Mays v. State, 904 S.W.2d
920, 922–23 (Tex. App.—Fort Worth 1995, no pet.).  Only then may we grant
counsel’s motion to withdraw.  See Penson v. Ohio, 488 U.S. 75, 82–83,
109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record
and have found three errors in the trial court’s judgment with regard to the actual
allegations to which Smith pleaded “true” during the revocation hearing, the
assessment of $418 in reparations, and the $25 increase in court costs from the
original judgment deferring adjudication, as set out below:

Smith pleaded guilty to the
third-degree felony offense in exchange for an assessment of a $500 fine and
court costs, five years’ deferred adjudication community supervision, and other
terms and conditions.  The trial court’s order of deferred adjudication
mirrored the plea bargain agreement and specified that the $500 fine was not
suspended and that Smith owed $330 in court costs. The terms and conditions of Smith’s
community supervision included the $500 fine and $330 in court costs.

At the revocation hearing, Smith
pleaded “true” to the first three of the four allegations contained in the
State’s first amended petition to proceed to adjudication.  The trial court
stated that it would not inquire into the State’s fourth allegation, regarding
payment of community supervision fees and lab fees; Smith testified that these
fees were current, although she had paid them late, and the trial court
admitted an exhibit showing that she had paid these fees and owed nothing.  At
the conclusion of the hearing, the trial court stated that it found Smith
guilty “as a result of [her] pleas of true,” and it sentenced her to five
years’ confinement.

The judgment adjudicating guilt
includes a statement of “REPARATIONS IN THE AMOUNT OF $418.00,” and lists
Smith’s court costs as $355.  Included in the record is a document from the
Community Supervision and Corrections Department of Tarrant County showing that
Smith owed a $418 fine.  The trial court’s certificate of proceedings states,
“Ref[er] to prev[ious] pay plan.”  Further, the judgment adjudicating guilt states
that Smith pleaded “true” to the motion to adjudicate and that the trial court
found that “[w]hile on community supervision, [Smith] violated the terms and
conditions of community supervision as set out in the State’s AMENDED Motion to
Adjudicate Guilt as attached:  PARAGRAPH[S] ONE, TWO, THREE, FOUR . . . ”

When guilt is adjudicated upon a violation
of a condition of community supervision, the order adjudicating guilt sets
aside the order deferring adjudication, including any previously imposed fines.
 Taylor v. State, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004) (reasoning
that appellant was not sentenced until his guilt was adjudicated and that the
trial court was required to orally pronounce fine during sentencing); see
also Armstrong v. State, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011) (noting
that fines are punitive).

Further, when the oral pronouncement
of sentence and the written judgment vary, the oral pronouncement controls.  Taylor,
131 S.W.3d at 500, 502.  And when the appellate court has the necessary
information before it, it may correct a trial court’s written judgment to
reflect its oral pronouncement, including the modification of a judgment
adjudicating guilt after revocation of deferred adjudication community
supervision so that it conforms to the trial court’s oral pronouncement of the
findings supporting revocation and adjudication.  See id. at 502;
Smith v. State, 290 S.W.3d 368, 377 (Tex. App.—Houston [14th Dist.]
2009, pet. ref’d); see also Tex. R. App. P. 43.2(b).  We may reform the
judgment in an Anders appeal and affirm the judgment as reformed.  Bray
v. State, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.) (en
banc).

Because the trial court did not
include the fine previously assessed in its order deferring adjudication in its
oral pronouncement of sentence, we reform the judgment adjudicating guilt to
delete the $418 listed as reparations on the judgment.  See Taylor, 131
S.W.3d at 502; see also Washington v. State, No. 02-11-00152-CR, 2012 WL
1345743, at *1–2 (Tex. App.—Fort Worth Apr. 19, 2012, no pet.) (mem. op., not
designated for publication) (reforming judgment adjudicating guilt to delete
language regarding payment of the portion of reparations made up of fines that
had been previously assessed in the order deferring adjudication and that had
not been included in the trial court’s oral pronouncement of sentence); Boyd
v. State, No. 02-11-00035-CR, 2012 WL 1345751, at *1–2 (Tex. App.—Fort
Worth Apr. 19, 2012, no pet.) (mem. op., not designated for publication) (same).
 We also delete $25 of the $355 imposed by the trial court for court costs
because nothing in the record supports this increased amount from the original
order deferring adjudication.  See Boyd, 2012 WL 1345751, at *2
(modifying judgment to reflect original amount of court costs imposed in order
deferring adjudication when nothing in the record supported the $25 increase in
court costs in the judgment adjudicating guilt).

And because the trial court did not
inquire into the State’s fourth ground in the amended petition to proceed to
adjudication and admitted evidence showing that there was no basis to revoke
Smith’s deferred adjudication community supervision on that ground, we reform
the judgment to reflect that Smith pleaded true only to grounds (1), (2), and
(3) and that the trial court found only grounds (1), (2), and (3) true.  See
Smith, 290 S.W.3d at 377.

Except for these necessary
modifications to the judgment, we agree with counsel that this appeal is wholly
frivolous and without merit; we find nothing else in the record that might
arguably support the appeal.  See Bledsoe v. State, 178 S.W.3d 824,
827–28 (Tex. Crim. App. 2005); see also Meza v. State, 206 S.W.3d 684,
685 n.6 (Tex. Crim. App. 2006).  Accordingly, we grant counsel’s motions to
withdraw and affirm the trial court’s judgment as modified.

 

 

                                                          PER
CURIAM

 

 

PANEL:  MCCOY, J.;
LIVINGSTON, C.J.; and GABRIEL, J.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  June 7, 2012









[1]See
Tex. R. App. P. 47.4.