ACCEPTED
02-14-00448-CR
SECOND COURT OF APPEALS
FORT WORTH, TEXAS
1/23/2015 1:51:23 PM
DEBRA SPISAK
CLERK

**NOS. 02-14-00448-CR**
**02-14-00449-CR**

_____

IN THE COURT OF APPEALS
FOR THE SECOND JUDICIAL DISTRICT
OF TEXAS AT FORT WORTH

FILED IN
2nd COURT OF APPEALS
FORT WORTH, TEXAS
1/23/2015 1:51:23 PM
DEBRA SPISAK
Clerk

_____

**CEDRIC TYRONE SCOTT, JR.**, Appellant

V.

**THE STATE OF TEXAS**, Appellee

_____

ON APPEAL FROM CRIMINAL DISTRICT
COURT NO. TWO OF TARRANT COUNTY, TEXAS
THE HONORABLE WAYNE SALVANT, PRESIDING JUDGE
IN CAUSE NOS. 1320181D & 1324883D

_____

---

**APPELLANT'S BRIEF**

---

> Kimberley Campbell
> TBN: 03712020
> Factor, Campbell & Collins
> Attorneys at Law
> 5719 Airport Freeway
> Fort Worth, Texas 76117
> Phone: (817) 222-3333
> Fax:  (817) 222-3330
> E-mail: lawfactor@yahoo.com
> Attorneys for Appellant
> Cedric Tyrone Scott, Jr.

*NO ORAL ARGUMENTS REQUESTED*

## IDENTITY OF PARTIES AND COUNSEL

       The following is a complete list of all parties to the trial court's final judgment, as well as the names and addresses of all trial and appellate counsel.

| | |
|---|---|
| Appellant: | Cedric Tyrone Scott, Jr. |
| Appellant's Trial Counsel: | Hon. Tracie Kenan<br>TBN: 24041232<br>Attorney at Law<br>4500 Airport Freeway<br>Fort Worth, Texas 76117 |
| Appellant's Counsel<br>on Appeal: | Hon. Kimberley Campbell<br>TBN: 03712020<br>Factor, Campbell & Collins<br>Attorneys at Law<br>5719 Airport Freeway<br>Fort Worth, Texas 76117 |
| Appellee: | The State of Texas |
| Appellee's Trial Counsel: | Hon. Andrea Townsend<br>TBN: 24041260<br>Assistant District Attorney<br>Tarrant County, Texas<br>401 W. Belknap<br>Fort Worth, Texas 76196 |
| Appellee's Counsel<br>on Appeal: | Hon. Charles Mallin<br>TBN: 12867400<br>Assistant District Attorney<br>401 W. Belknap<br>Fort Worth, Texas 76196 |

# TABLE OF CONTENTS

*page*

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .i

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

POINTS OF ERROR PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

ARGUMENT AND AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

    *Jurisdiction*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

I.    The fines assessed in the Judgments Adjudicating Guilt was not
pronounced orally and must therefore be deleted from the Judgment. . . . . 4

    A.    *Preservation of Error*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    B.    *Application*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

# TABLE OF AUTHORITIES

*Cases*                                                        *page*

*Armstrong v. State*,
     340 S.W.3d 759 (Tex. Crim. App. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Boyd v. State*,
     No. 02–11–00035–CR, 2012 WL 1345751 (Tex. App.–
         Fort Worth Apr.19, 2012, no pet.)
                 (mem. op., not designated for publication). . . . . . . . . . . . . . . 6, 7

*Smith v. State*,
     290 S.W.3d 368, 377 (Tex. App.–Houston [14th Dist.] 2009, pet. ref'd). . . . . 4

*Smith v. State*,
     No. 02–11–00295–CR, 2012 WL 2036467 (Tex. App.–
         Fort Worth, June 7, 2012, no pet.)
                 (mem. op., not designated for publication). . . . . . . . . . . . . . 5, 6, 7

*Taylor v. State*,
     131 S.W.3d 497, 502 (Tex. Crim. App. 2004). . . . . . . . . . . . . . . . . . . . . . 4, 5, 6, 7

*Washington v. State*,
     No. 02–11–00152–CR, 2012 WL 1345743, at *1–2 (Tex. App.–
         Fort Worth Apr.19, 2012, no pet.)
                 (mem. op., not designated for publication). . . . . . . . . . . . . . . 6, 7

*Statutes*

TEX. PENAL CODE ANN. § 22.01(b)(2)(B) (West 2011). . . . . . . . . . . . . . . . . . . . . . . . 1, 2

*Court Rules*

TEX. R. APP. P. 25.2(A)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

TEX. R. APP. P. 43.2(B). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## STATEMENT OF THE CASE

On May 30, 2013, pursuant to a plea bargain agreement, Cedric Tyrone Scott, Jr. ("Mr. Scott" or "Appellant") was placed on five (5) years deferred adjudication community supervision for two counts of the third-degree felony offense of assault on a family member while impeding breath or circulation. (181 C.R. 24; 883 C.R. 20);[1] *see* TEX. PENAL CODE ANN. § 22.01(b)(2)(B) (West 2011).

In September of 2014, the State filed the instant Supplemental Petitions to Proceed to Adjudication, in which it alleged that Mr. Scott had failed to report for June, July and September of 2014. (181 C.R. 53; 883 C.R. 40). The trial court found the allegations true, adjudicated Mr. Scott guilty, and on October 20, 2014, sentenced him to two concurrent two (2) year sentences in TDCJ-CID. (181 C.R. 62; 883 C.R. 49; III R.R. 30; IV R.R. 16-17). 2013 until January 10, 2014). Timely Notices of Appeal were filed on October 20, 2014. (181 C.R. 68; 883 C.R. 55).

---

[1] References to the Clerk's Record in Cause Number 1320181D will be designated as "181 C.R. xx" and references to the Clerk's Record in Cause Number 1324883D will be designated as "883 C.R. xx."

1

## POINTS OF ERROR PRESENTED

## POINT OF ERROR ONE

**I.    The fines assessed in the Judgments Adjudicating Guilt was not pronounced orally and must therefore be deleted from the Judgment.**

## STATEMENT OF FACTS

On May 30, 2013, pursuant to a plea bargain agreement, Cedric Tyrone Scott, Jr. ("Mr. Scott" or "Appellant") was placed on five (5) years deferred adjudication community supervision for two counts of the third-degree felony offense of assault on a family member while impeding breath or circulation. (181 C.R. 24; 883 C.R. 20); *see* TEX. PENAL CODE ANN. § 22.01(b)(2)(B) (West 2011). In each Order of Deferred Adjudication, a fine of $500 was assessed. (181 C.R. 24; 883 C.R. 20).

In September of 2014, the State filed the instant Supplemental Petitions to Proceed to Adjudication, in which it alleged that Mr. Scott had failed to report for June, July and September of 2014. (181 C.R. 53; 883 C.R. 40). The trial court found the allegations true, adjudicated Mr. Scott guilty, and on October 20, 2014, sentenced him to two concurrent two (2) year sentences in TDCJ-CID. (181 C.R. 62; 883 C.R. 49; III R.R. 30; IV R.R. 16-17). 2013 until January 10, 2014).

Assessed in each Judgment Adjudicating Guilt are "Reparations." (181 C.R. 62; 883 C.R. 49). Included in the Clerk's Records are REVOCATION RESTITUTION/REPARATION BALANCE SHEETS on letterheads of the

2

Community Supervision and Corrections Department of Tarrant County, wherein each of the $500 fines assessed when Mr. Scott was originally placed on deferred adjudication are included as "Reparations." (181 C.R. 60; 883 C.R. 47). Also included in the Clerk's Records are computer printouts from the Tarrant County District Clerk entitled "List of Fee Breakdowns" wherein "Fines CDC #2" in the amount of $500 in each case are included in the fees owed by Mr. Scott. (181 C.R. 59; 883 C.R. 48). The trial court failed to announce any fines when it pronounced Mr. Scott's sentence. (IV R.R. 16-17).

## SUMMARY OF THE ARGUMENT

The fines assessed in the Judgments Adjudicating Guilt were not orally pronounced. As the orally-pronounced sentence controls over the written sentence, the fines must be deleted from the Judgments.

## ARGUMENT AND AUTHORITIES

*Jurisdiction*

Pursuant to Texas Rule of Appellate Procedure 25.2(a)(2), the clerk's records contains the Trial Court's Certifications of Defendant's Right of Appeal, which states that these are not plea bargained cases and the defendant has the right of appeal. (181 C.R. 67; 883 C.R. 54); *See* TEX. R. APP. P. 25.2(A)(2).

3

## POINT OF ERROR ONE (RESTATED)

**I.    The fines assessed in the Judgments Adjudicating Guilt was not pronounced orally and must therefore be deleted from the Judgment.**

### A.    *Controlling Law*

When guilt is adjudicated upon a violation of a condition of community supervision, the order adjudicating guilt sets aside the order deferring adjudication, including any previously imposed fines. *Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004) (reasoning that appellant was not sentenced until his guilt was adjudicated and that the trial court was required to orally pronounce fine during sentencing); *see also Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011) (noting that fines are punitive).

Further, when the oral pronouncement of sentence and the written judgment vary, the oral pronouncement controls. *Taylor*, 131 S.W.3d at 500, 502. And when the appellate court has the necessary information before it, it may correct a trial court's written judgment to reflect its oral pronouncement, including the modification of a judgment adjudicating guilt after revocation of deferred adjudication community supervision so that it conforms to the trial court's oral pronouncement of the findings supporting revocation and adjudication. *See id*. at 502; *Smith v. State*, 290 S.W.3d 368, 377 (Tex. App.–Houston [14th Dist.] 2009, pet. ref'd); *see also* TEX. R. APP. P. 43.2(B).

**B.** *Application*

Here, the $500 fines were pronounced in the Orders of Deferred Adjudication. (181 C.R. 24; 883 C.R. 20). When the trial court later adjudicated Mr. Scott guilty, the original Orders of Deferred Adjudication were set aside, including the $500 fines assessed. *Taylor*, 131 S.W.3d at 502. Although the written Judgments include the fines, the trial court failed to orally announce any fines when it pronounced Mr. Scott's sentence. (IV R.R. 16-17). When the oral pronouncement of sentence and the written judgment vary, the oral pronouncement controls. *Taylor*, 131 S.W.3d at 500, 502.

The fact that the fines are labeled as "Reparations" in the Judgments does not change their nature as fines. In *Smith v. State*, No. 02–11–00295–CR, 2012 WL 2036467 (Tex. App.–Fort Worth, June 7, 2012, no pet.) (mem. op., not designated for publication), Smith pleaded guilty to a third-degree felony offense in exchange for an assessment of a $500 fine and court costs, five years' deferred adjudication community supervision, and other terms and conditions. *Id*. at *1. The trial court's order of deferred adjudication mirrored the plea bargain agreement and specified that the $500 fine was not suspended and that Smith owed $330 in court costs. *Id*. The terms and conditions of Smith's community supervision included the $500 fine and $330 in court costs. *Id*.

5

Later, the state moved to adjudicate Smith's guilt. At the revocation hearing, Smith pleaded "true" to the first three of the four allegations contained in the State's first amended petition to proceed to adjudication. At the conclusion of the hearing, the trial court stated that it found Smith guilty "as a result of [her] pleas of true," and it sentenced her to five years' confinement. *Id*. The judgment adjudicating guilt includes a statement of "REPARATIONS IN THE AMOUNT OF $418.00," and lists Smith's court costs as $355. Included in the record was a document from the Community Supervision and Corrections Department of Tarrant County showing that Smith owed a $418 fine. *Id*.

> This Court held that
>
> [b]ecause the trial court did not include the fine previously assessed in its order deferring adjudication in its oral pronouncement of sentence, we reform the judgment adjudicating guilt to delete the $418 listed as reparations on the judgment.

*Id*. at *2 (citing *Taylor*, 131 S.W.3d at 502); *see also Washington v. State*, No. 02–11–00152–CR, 2012 WL 1345743, at *1–2 (Tex. App.–Fort Worth Apr.19, 2012, no pet.) (mem. op., not designated for publication) (reforming judgment adjudicating guilt to delete language regarding payment of the portion of reparations made up of fines that had been previously assessed in the order deferring adjudication and that had not been included in the trial court's oral pronouncement of sentence); *Boyd v. State*, No. 02–11–00035–CR, 2012 WL 1345751, at *1–2 (Tex. App.–Fort Worth

Apr.19, 2012, no pet.) (mem. op., not designated for publication) (same).

As directed by the Court of Criminal Appeals in *Taylor*, and as this Court held previously in *Smith*, *Washington*, and *Boyd*, so should this Court hold here. *See Taylor*, 131 S.W.3d at 502; *Smith*, 2012 WL 2036467 at *2; *Washington*, 2012 WL 1345743 at *1-2; *Boyd*, 2012 WL 1345751, at *1-2.

**PRAYER**

PREMISES CONSIDERED, Appellant Cedric Tyrone Scott, Jr. respectfully requests that this Court sustain the point of error in this brief and that this Court modify the Judgment in this case by deleting the fines assessed. *See* Tex. R. App. P. 43.2(b). Appellant further prays that he be granted any such further relief to which he may show himself entitled.

Respectfully submitted,

/s/Kimberley Campbell
Kimberly Campbell
TBN: 03712020
Factor, Campbell & Collins
Attorneys at Law
5719 Airport Freeway
Fort Worth, Texas 76117
Phone: (817) 222-3333
Fax:    (817) 222-3330
E-mail: lawfactor@yahoo.com
Attorneys for Appellant

7

## CERTIFICATE OF COMPLIANCE

I hereby certify that the word count for the portion of this filing covered by Rule 9.4(i)(1) of the Texas Rules of Appellate Procedure is 1,998.

/s/Kimberley Campbell
Kimberly Campbell

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been furnished to counsel for the State/Appellee listed below by a manner compliant with the rules on this 23rd day of January , 2015.

/s/Kimberley Campbell
Kimberly Campbell

Criminal District Attorney
Tarrant County, Texas
401 W. Belknap
Fort Worth, Texas 76196

8