

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-14-00147-CR

KEVIN WADE NOONKESTER                                          APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

## FROM THE 355TH DISTRICT COURT OF HOOD COUNTY
## TRIAL COURT NO. CR10809

----------

## MEMORANDUM OPINION[1]

----------

Appellant Kevin Wade Noonkester appeals the trial court's judgment adjudicating him guilty of sexual assault of a child and sentencing him to fifteen years' confinement. *See* Tex. Penal Code Ann. §§ 12.33(a), 22.011 (West 2011).

---

[1]*See* Tex. R. App. P. 47.4.

Noonkester's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. 386 U.S. 738, 87 S. Ct. 1396 (1967). Noonkester filed a motion contesting his appointed counsel's motion to withdraw and requesting appointment of new counsel to assist him; he subsequently filed a pro se brief. The State did not file a brief.

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record, counsel's brief, and Noonkester's pro se brief and have determined that the trial court's judgment requires correction with regard to (1) the list of allegations to which Noonkester pled true during the revocation hearing and found true by the trial court; (2) the assessment of a $1,500 fine in the judgment adjudicating guilt; (3) the assessment of $400 in appointed counsel fees as part of the $915 in court costs in the judgment; (4) the listing of $3,000 as a fine in the bill of costs; and (5) the listing of $2,415 as costs in the order to withdraw funds from Noonkester's

2

inmate trust account. We may modify the judgment in an *Anders* appeal and affirm the judgment as modified. *Bray v. State*, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.) (en banc).

At the revocation hearing, Noonkester pled "true" to the allegations set out in paragraphs A, B, E, G, H, I, and J of the State's motion and "not true" to paragraphs C, D, and F.[2] Therefore, the trial court's judgment adjudicating guilt, which reflects that Noonkester generally pled "true" to the motion to adjudicate, is incomplete as to the specific allegations to which Noonkester pled true. We reform the trial court's judgment to reflect that Noonkester pled "true" to the allegations set out in paragraphs A, B, E, G, H, I, and J of the State's motion and "not true" to the allegations set out in paragraphs C, D, and F.

Additionally, at the revocation hearing, the trial court found true the allegations set out in the State's paragraphs A, B, C, D, E, G, H, I, and J. However, the judgment adjudicating guilt reflects that the trial court found all of the allegations, including paragraph F, true. Further, the trial court did not

---

[2]In his single pro se point, Noonkester contends that the evidence is insufficient to show that he violated the conditions of his community supervision. However, Noonkester pled true to several of the State's allegations in its motion to revoke his community supervision, *see Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. 1979) ("This Court has previously held that the sufficiency of the evidence could not be challenged in the face of a plea of true."), and there is evidence in the record to support the State's allegations. Proof by a preponderance of the evidence of any one of the alleged violations of the conditions of community supervision is sufficient to support a revocation order. *Hacker v. State*, 389 S.W.3d 860, 864–65 (Tex. Crim. App. 2013); *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980).

assess a fine during its oral pronouncement of Noonkester's sentence, but the judgment adjudicating guilt includes a $1,500 fine, and the June 25, 2014 bill of costs prepared by the Hood County District Clerk reflects that Noonkester was charged $3,000 in "Criminal Fines."[3]

When guilt is adjudicated upon a violation of a condition of community supervision, the order adjudicating guilt sets aside the order deferring adjudication, including any previously imposed fines. *Taylor v. State*, 131 S.W.3d 497, 501–02 (Tex. Crim. App. 2004) (reasoning that appellant was not sentenced until his guilt was adjudicated and that the trial court was required to orally pronounce fine during sentencing); *see also Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011) (noting that fines are punitive). And when the oral pronouncement of sentence and the written judgment vary, the oral pronouncement controls. *Taylor*, 131 S.W.3d at 500, 502. An appellate court may correct a trial court's written judgment so that it conforms to the oral pronouncement of the findings supporting revocation and adjudication. *See id.*; *Smith v. State*, 290 S.W.3d 368, 377 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd); *see also* Tex. R. App. P. 43.2(b). We reform the trial court's judgment by deleting paragraph F from the list of violations found true by the trial court, and

[3]The original order of deferred adjudication reflected that Noonkester pled guilty in exchange for an assessment of a $1,500 fine and court costs; eight years' deferred adjudication community supervision; 500 hours of community service; and other terms and conditions. The trial court's order of deferred adjudication mirrored the plea bargain agreement and specified that the fine was not suspended and that Noonkester owed $450 in court costs.

because the trial court did not include the fine previously assessed in its order deferring adjudication in its oral pronouncement of sentence at the revocation hearing, we reform the judgment adjudicating guilt to delete the $1,500 fine, and we delete the $3,000 fine listed in the bill of costs. *See Taylor*, 131 S.W.3d at 502; *see also Washington v. State*, No. 02-11-00152-CR, 2012 WL 1345743, at *1–2 (Tex. App.—Fort Worth Apr. 19, 2012, no pet.) (mem. op., not designated for publication) (reforming judgment adjudicating guilt to delete language regarding payment of the portion of reparations made up of fines that had been previously assessed in the order deferring adjudication and that had not been included in the trial court's oral pronouncement of sentence); *Boyd v. State*, No. 02-11-00035-CR, 2012 WL 1345751, at *1–2 (Tex. App.—Fort Worth Apr. 19, 2012, no pet.) (mem. op., not designated for publication) (same).

The clerk's bill of costs also reflects that Noonkester was charged $400 for a court-appointed attorney. For purposes of assessing attorney's fees, once an accused is found to be indigent, he is presumed to remain so throughout the proceedings absent proof of a material change in his circumstances. *See* Tex. Code Crim. Proc. Ann. art. 26.04(p) (West Supp. 2014); *Wiley v. State*, 410 S.W.3d 313, 317 (Tex. Crim. App. 2013); *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010). Furthermore, the record must reflect some factual basis to support the determination that the appellant was capable of paying all or some of his attorney's fees at the time of the judgment. *See* Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp. 2014); *Wiley*, 410 S.W.3d at 317 ("[I]n the

5

absence of any indication in the record that [an indigent defendant's] financial status has in fact changed, the evidence will not support an imposition of attorney fees."). When the record does not contain a factual basis to support imposition of attorney's fees, the proper remedy is to delete it. *Cates v. State*, 402 S.W.3d 250, 251–52 (Tex. Crim. App. 2013).

Noonkester applied for appointed counsel before the revocation hearing and attached a declaration of financial inability to employ counsel in which he listed no assets or income. The trial court entered an order appointing counsel for Noonkester, and at the revocation hearing, Noonkester testified that he was not financially stable, and his mother testified that he did not have the financial ability to pay large sums of money. The trial court subsequently entered another order appointing counsel for Noonkester for this appeal after finding him indigent. Because the record does not contain a factual basis to support the imposition of $400 in attorney's fees in the clerk's bill of costs, we delete this amount and order the clerk to recalculate Noonkester's total bill of costs less the $3,000 fine and the $400 charge for attorney's fees.

The trial court's order to withdraw funds from Noonkester's inmate trust account, incorporated by reference into the judgment, listed $2,415 as the amount of "court costs, fees and/or fines and/or restitution" incurred by Noonkester. However, as set out above, because we have modified the judgment to delete the $1,500 fine and $400 of the court costs, we reform the withdrawal order to reflect $515 instead of $2,415.

6

Except for these necessary modifications to the judgment, we agree with counsel that this appeal is wholly frivolous and without merit; we find nothing else in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we deny Noonkester's motion for appointment of new counsel, grant counsel's motion to withdraw, and affirm the trial court's judgment as modified.

/s/ Anne Gardner
ANNE GARDNER
JUSTICE

PANEL: LIVINGSTON, C.J.; GARDNER and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: February 26, 2015